BERKE MOORE COMPANY, INC. *vs.* LUMBERMENS MUTUAL CASUALTY COMPANY.

Suffolk.      October 3, 1962. — November 2, 1962.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, KIRK, & SPIEGEL, JJ.

*Insurance,* Disclaimer of liability, General liability insurance.   *Law of the Case.   Contract,* Of indemnity.

In an action by the insured against the insurer under a general liability policy for sums paid by the insured in defence and settlement of an action by a third person against the insured which the insurer had refused to defend as provided in the policy, a ruling by the trial judge, to which no exception was taken, that "it was the . . . [insurer's] duty to defend the action" against the insured became the law of the case. [69–70]

Breach by the insurer under a general liability policy of its duty thereunder to defend a tort action against the insured entitled the insured to make a reasonable settlement of that action without trial by an agreement for judgment in which the insurer did not participate, and to recover from the insurer the amount paid in the settlement together with reasonable attorneys' fees incurred in the defence of the tort action and the settlement, notwithstanding a provision of the policy that "No action shall lie against the . . . [insurer] . . . until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the . . . [insurer]."   [67–68, 70–72]

In an action of contract by the insured against the insurer under a general liability policy in which the trial judge found that the insurer failed in its duty under the policy to defend a tort action against the insured and was liable in a certain amount for "the fair value of professional services to defend" that action, but erroneously ruled that the insurer was not liable for an amount paid by the insured in settlement of that action, even if reasonable, or for attorneys' fees incurred by the insured in settling it, this court decided that the finding of the fair value of legal services in defence thereof should stand but ordered a new trial of the action against the insurer confined to the issues of attorneys' fees in settling the tort action and of the reasonableness of the amount paid in the settlement.   [72–73]

CONTRACT.   Writ in the Municipal Court of the City of Boston dated September 19, 1960.

Upon removal to the Superior Court the action was heard by *Forte,* J., who found for the plaintiff in the sum of $300. The plaintiff alleged exceptions to the denial of its requests for rulings.

*Alan J. Dimond* (*Ira N. Nottonson* with him) for the plaintiff.

*David H. Fulton & Robert Fulton,* for the defendant, submitted a brief.

WILKINS, C.J.    The plaintiff (Berke), a contractor, was insured by the defendant under a general liability policy, in which the defendant agreed to pay all sums that Berke might become "legally obligated to pay as damages because of injury to or destruction of property . . . caused by accident and arising out of the ownership, maintenance or use of premises, and all operations" in the performance of a certain highway construction contract, and to "defend any suit against the insured alleging such injury . . . or destruction and seeking damages on account thereof, even if such suit is groundless, false or fraudulent . . .."

This action of contract is to recover (1) the sum of $1,250 paid in settlement of a suit brought against Berke by one Strachan which the defendant refused to defend and (2) the sum of $500 paid to an attorney for services in that suit, which was settled without trial.   The defendant's answer contains a general denial and alleges that the settled claim was not based on an "accident" and does not come within the coverage of the policy, and that if the damage to Strachan "arose through its [Berke's] own negligent omission, rather than from any 'accident' the defendant is not liable to the plaintiff [Berke]."

The case at bar was tried before a judge, who found for Berke in the amount of $300, which was "the fair value of professional services to defend the suit."   He refused to allow recovery for the sum paid in settlement or for an attorney's fee paid for services in the settlement.   He based his refusal upon paragraph 11 of the policy, which reads, "No action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy, nor until the amount

of the insured's obligation to pay shall have been finally
determined either by judgment against the insured after
actual trial or by written agreement of the insured, the
claimant and the company." Berke contends that this pro-
vision has no application to this situation where it was, as
the judge found, "the defendant's duty to defend the ac-
tion," and the defendant company failed in that duty.

In October, 1957, Berke under a contract with the Com-
monwealth was engaged in the construction of a public
highway in Everett. One phase of the work was changing
the grade of School Street to conform with the new grade
of an overpass leading from Main Street. By writ dated
November 6, 1958, with an ad damnum of $5,000, Rena A.
Strachan brought an action of tort against Berke return-
able and entered in the Municipal Court of the City of
Boston on November 22, 1958. Her declaration alleged
"that she occupied a store and cellar at 81 Main Street,
Everett, Massachusetts, and had in said store substantial
quantities of merchandise which she used in connection
with her business as a banquet caterer; that as a result of
the defendant's negligence surface water was channeled
and diverted into the premises of the plaintiff . . . and
caused damage to the plaintiff's property . . . ."

Upon service Berke sent the summons to the defendant
insurance company, which returned it reporting that it had
obtained a copy of the declaration, and stating, "Obviously,
the damage in this instance was caused by the necessary
change in the terrain presumably as specified in the con-
tract under which you were working and in no way acci-
dental. Therefore, no coverage is afforded to you in this
matter, and we can take no action therein in your behalf."
Berke then retained its own attorney, and the case was re-
moved to the Superior Court, where Berke claimed a trial
by jury. Thereupon Bertram A. Sugarman, Esquire, a
lawyer experienced in tort litigation, was engaged to repre-
sent Berke.

On January 15, 1960, Mr. Sugarman wrote the defend-
ant: "In view of the allegations of the plaintiff and the

information that we have concerning the occurrence, this damage did not occur as a result of the necessary change in the terrain, but if the plaintiff's contentions are correct, it occurred as the result of negligent omission on the part of the defendant. We therefore once again call upon you to take over the defence of this action and to pay all damages and costs, including legal services, that may arise from the preparation for and trial of said case." Following receipt of this letter the defendant continued to refuse to defend.

Upon the payment of $1,250 by Berke to Strachan the case was disposed of by an agreement for judgment for Berke. The insurance company did not participate in the settlement or in the agreement. For the legal services of Mr. Sugarman and his office Berke paid $500.

Sumner H. Rogers, Esquire, called as a witness by Berke, testified that he was an attorney associated with Mr. Sugarman and worked with him in the defence of the Strachan action; that as a result of his investigation he was of the opinion that it could have been determined that Berke was responsible for the collection of water, that it could have been found that Berke did not properly provide for the running off of excess water during the construction period, and that there was a reasonable chance that a verdict could have been returned for Strachan; and that in his opinion the sum of $1,250 paid in settlement was fair and reasonable, and that $500 was a reasonable charge for the legal services of Mr. Sugarman and his office.

In answer to interrogatories Strachan stated that her premises "were flooded with water which reached a height of about three feet"; that Berke "had negligently performed work and had blocked the drains used to discharge surface water, as a result of which the water was diverted into the building which I occupy as a tenant"; and that her itemized damage was $3,038.80.

In the case at bar, Berke submitted nine requests for rulings. In addition to denying them all the judge made the following "written determinations": "[1] I find that the original plaintiff Strachan suffered no damages due to the present plaintiff's conduct. [2] I find that the present

plaintiff was not justified, legally or on the facts, to make a settlement with Strachan.   [3] I find and rule that it was the defendant's duty to defend the action and is, therefore, liable for the fair value of professional services to defend the suit.   [4] I find a reasonable attorney's fee to be three hundred dollars.   [5] I find for the plaintiff in the sum of three hundred dollars.''

The judge's ruling in determination [3] that it was the duty of the defendant to defend the Strachan action has become the law of the case.   He must have thought that the defendant's analysis of liability, as contained in its correspondence, was not a controlling interpretation of the allegations of the declaration.   See *Fessenden Sch. Inc.* v. *American Mut. Liab. Ins. Co.* 289 Mass. 124, 130, and cases cited in 50 A. L. R. 2d 465 et seq.

In the terms of the policy the judge has ruled that this was a ''suit against the insured alleging such injury . . . or destruction,'' ''such injury . . . or destruction'' being ''injury to or destruction of property . . . caused by accident and arising out of the ownership, maintenance or use of premises, and all operations.''   We omit as unnecessary detailed consideration of the inconsistent rulings in which were denied the first three requests.[1]

We are mainly concerned with the consequences of the breach of the duty to defend.   In nearly all, if not in all, the decisions which have dealt with this question, the holding has been that an insurance company which without right has refused to defend an action against its insured no longer can insist upon the case being carried to judgment against the insured.   The insured should be not crowded into a worse position as to the proper handling of the litigation by an insurer's unjustified disclaimer in advance of trial.   The insured and the counsel whom it was forced to hire by the breach of the insurer's undertaking should have full liberty of determination whether to settle or to try.

[1] ''1.   The word 'accident' in the insurance policy includes negligence.
''2.   The Strachan action against this plaintiff was ostensibly within the coverage of the insurance policy.
''3.   The defendant's failure to defend the Strachan action, after demand to do so, was a breach of the defendant's obligations under the insurance policy.''

They should be able to take into consideration the likelihood of success or failure, the cost, uncertainty, delay, and inconvenience of trial as compared with the advantages of settlement. What is reasonable to do they should be permitted to do. Among the cases supporting this view are *St. Louis Dressed Beef & Provision Co.* v. *Maryland Cas. Co.* 201 U. S. 173, 180–183, *Traders & Gen. Ins. Co.* v. *Rudco Oil & Gas Co.* 129 F. 2d 621, 626 (10th Cir.), *Theodore* v. *Zurich Gen. Acc. & Liab. Ins. Co.*, Alaska, 364 P. 2d 51, 55–56, *Albert* v. *Maine Bonding & Cas. Co.* 144 Maine, 20, 24–25, *Elliott* v. *Casualty Assn. of America,* 254 Mich. 282, 287–288, *Butler Bros.* v. *American Fid. Co.* 120 Minn. 157, 167–170, *Nixon* v. *Liberty Mut. Ins. Co.* 255 N. C. 106, 110–113. Some of these cases and others, which had been referred to in the opinion of the Appellate Division, which we were reviewing, were cited in *Marvel Heat Corp.* v. *Travelers Indem. Co.* 325 Mass. 682, 685, where the result here reached was foreshadowed. See *Tighe* v. *Maryland Cas. Co.* 218 Mass. 463. We do not agree with the defendant that that case is of consequence only on the issue of amount. Many cases are cited in Appleman, Insurance Law and Practice, §§ 4690, 4691, 4714, and in 49 A. L. R. 2d 744 et seq. The existence of this great, and perhaps unanimous, body of law the defendant ignores.

The plaintiff's fourth request for a ruling was, "The defendant's failure to defend the Strachan action entitled Berke Moore Company, Inc. to make a reasonable settlement of it without thereby violating any of the provisions of the insurance policy." It was "denied because of the provisions of paragraph 11 of the policy." This was error. Our conclusion is not precluded by the judge's determination "[2] that the present plaintiff was not justified, legally or on the facts, to make a settlement with Strachan." His generalization calls for interpretation. Contrary to the defendant's argument we do not construe this as a finding that the settlement was not just and reasonable. In any event, it was tainted by error of law. No argument is made that the word "legally" refers to anything but the sup-

posed effect of a part of paragraph 11 of the policy, a construction which we have not accepted. The allusion to the facts embraces the judge's determination that "[1] the original plaintiff Strachan suffered no damages due to the present plaintiff's conduct." If this means that in his opinion the tribunal of fact would not have found for Strachan, that is immaterial. The pertinent question is whether the settlement was reasonable, and not what finding the judge here would have made had he sat there nor what he believed the tribunal of fact there would have made. If there was intended a construction that the policy did not cover the damage which Strachan would have proved notwithstanding what she alleged, the only way to have ascertained what Strachan would have proved would have been in a trial. For a similar reason the judge's findings as to what he saw on a view are not controlling.

It was likewise error to deny the plaintiff's ninth request, which read, "The plaintiff is entitled to recover the reasonable amount of the attorney's fee incurred in the defence and settlement of the Strachan action."

The judge's finding that $300 was the fair value of the legal services in defence should stand. On that standard it seems likely that the judge would have found $200 (the balance of the $500 paid) was the fair value of the legal services in settlement had he thought that question open. If it were now open to us, we would so find.

The eighth request was, "The evidence warrants a finding for the plaintiff in the amount of the settlement." Its denial was error. The payment of $1,250 could have been found to be reasonable. The settlement issue, however, does not stop here.

The seventh request was, "The defendant has the burden of proving the extent, if any, of the unreasonableness of the settlement." The requested ruling is supported by three cases hereinbefore cited. *Butler Bros.* v. *American Fid. Co.* 120 Minn. 157, 169–170. *Elliott* v. *Casualty Assn. of America,* 254 Mich. 282, 287–288. *Nixon* v. *Liberty Mut. Ins. Co.* 255 N. C. 106, 113. We prefer not to rule upon this request at this stage of the litigation. There must be an-

other trial on the issue of the amount of counsel fees for services in the settlement. At the same time all the facts as to the reasonableness of the amount paid in settlement, we hope, may be determined.

The defendant contends that the plaintiff by its own procedure at the trial is estopped to argue that the damages are inadequate. This we cannot accept. The true analysis is that owing to error in law no damages were awarded for services in settling the case or for the amount paid in settlement.

The plaintiff's exceptions are sustained. The case is remanded to the Superior Court, the new trial to be confined to the issues of attorneys' fees in settling the case and of the reasonableness of the amount paid in settlement.

*So ordered.*