*Municipal Court of the City of Boston*

No. 80083
**ABRAHAM D. SHAIN, d/b/a**
**v.**
**DENNIS CHICKEN PRODUCTS CO.**
**AND TRUSTEE**
(May 1—November 13, 1964)

*Present*: Gillen, J. (Presiding), Lewiton & Canavan, JJ.

Case tried to *Shamon, J.*

*Lewiton, J.* In this action of contract, the plaintiff seeks to be indemnified by the defendant for legal expenses incurred in defending a prior suit against the plaintiff. The defendant, while admitting that it had been properly vouched in to defend the earlier action, and that it had refused to do so, denied the plaintiff's right to recover. *The following were the material facts involved, as stipulated by the parties*:

One Sacco, while a business invitee at the lunch counter of McCrory McClellan's store in Lynn, ordered a chicken salad sandwich and as the result of particles of glass therein sustained bodily injury. Subsequently, claims and separate law suits were instituted by Sacco against McCrory McClellan and the present plaintiff, Shain. The law suits were consolidated for trial in the Lynn District Court and trial was commenced on September

28, 1962. During the trial, a settlement was agreed upon, under the terms of which $650 was to be paid to Sacco by the defendant McCrory McClellan and a finding and judgment were to be entered in favor of the present plaintiff, Shain, which settlement was carried out. The chicken used in the sandwich in question was purchased by McCrory McClellan from Shain, who in turn had purchased the same from the present defendant ("Dennis"), and had been processed and packed under the label of Shain by Dennis. The chicken had been packed in glass jars and placed in carton containers which had not been opened or affected in any way by Shain, but had been shipped by him to the McCrory McClellan store in the identical condition in which it had been received by Shain from Dennis. When claim was first made by Sacco, prior to the commencement of suit, immediate notice thereof was given by Shain to the defendant. After commencement of the aforementioned action against Shain by Sacco, and before entry thereof in court, immediate notice was given to Dennis by Shain, demanding that Dennis appear and defend the action and stating that if Dennis failed to do so, Shain would undertake the defense and hold Dennis responsible. Dennis refused to appear and undertake the defense, claiming that it was not obliged to do so, and thereupon Shain engaged counsel and defended the action, which was disposed of by settlement as described above. The claims

asserted by Sacco against Shain were based upon negligence and breach of warranty.

At the close of the trial and before final arguments, in the present case, the defendant made the following requests for rulings:

"2. There is no right to indemnity implied at law where there was no liability by the one seeking indemnity to the original claimant. See. *Keljikian v. Star Brewing Co.,* 303 Mass. 53, 54.

"3. In an action for indemnity implied in law, the right to recover legal expenses and costs of defending the primary claim is a right to collateral to and incidental to the right to be indemnified for the liability imposed upon the indemnitee, for which the primary responsibility lay with the indemnitor, and where there was no underlying liability, there can be no right of indemnity for such defense costs in the absence of an express agreement.

"4. The evidence does not warrant a finding for the plaintiff."

The foregoing requests were denied, the latter two as being inapplicable to the facts found.

The court found facts substantially as stated above and further found, with respect to payment for legal services, "that such payment by the plaintiff to be [sic] reasonable and fair and recoverable by him in this

action". There was a finding for the plaintiff in the sum of $550.

There was no error.

The defendant here raises no question as to the amount of the finding or the timeliness or sufficiency of the notice given by the plaintiff to the defendant. The basic contentions of the defendant are that the plaintiff is not entitled to indemnity in the absence of a determination of his liability to Sacco, and that a judgment having been entered in favor of the present plaintiff in the action against him by Sacco, Shain is not entitled to be indemnified by the defendant for legal expenses incurred in defending the original action.

█ This case presents the novel issue as to the recoverability of counsel fees under an implied indemnity agreement where the indemnitee successfully resisted a claim of liability asserted against it by a third party. The defendant claims that the present plaintiff cannot recover in this action without proving that he was in fact liable to the original claimant, and that since this has not been proved, the plaintiff cannot recover any indemnity from the present defendant. It is true that there are decisions containing language to the effect that where the liability of the plaintiff to the person injured has not been determined by a judgment binding upon the defendant, the plaintiff must allege and prove that he was legally liable to the person injured and consequently paid under com-

pulsion. See, e.g., *Keljikian v. Star Brewing Co.,* 303 Mass. 53, 54 and cases cited therein.

This rule, if literally applied in the past, has been relaxed in recent years. *Trustees of N.Y. N.H. & H. RR. Co. v. Tileston & Hollingsworth Co.,* 345 Mass. 727; *Berke Moore Co., Inc. v. Lumbermens Mutual Casualty Ins. Co.,* 345 Mass. 66, 71.

■ It is now generally held that if a person in the position of an indemnitee acts prudently and in good faith in settling a claim asserted against it, which claim is based upon alleged acts or omissions for which the indemnitor is responsible, and against which the latter has refused to defend, recovery may be had against the indemnitor in an action such as this. *Berke Moore Co., Inc. v. Lumbermens Mutual Cas. Ins. Co.,* 345 Mass. 66, 71 and cases there cited; *Trustees of N.Y. N.H. & H. RR. Co. v. Tileston & Hollingsworth Co.,* 345 Mass. 727.

■ It is obvious from the stipulated facts and the permissible inferences therefrom, that Sacco's claim against the present plaintiff was based upon alleged negligence or breach of warranty by the defendant, which had processed and packaged the chicken in question, and that Shain had a right, implied by law, to be indemnified by the defendant against liability on such claim. G. L. c. 106, §2-607 (5) and §3-803; *Jamrog v. H. L. Handy Co.,* 284 Mass. 195; *Boston Woven Hose & Co. v. Kendall,* 178 Mass. 232, 237; *Gray v. Boston Gas Light Co.,* 114 Mass. 149, 153. There is no suggestion, and no reported

evidence from which it could be found, that the present plaintiff acted unreasonably or in bad faith in employing counsel to resist the Sacco claim. On the contrary, the finding by the trial judge that payment by the plaintiff to his counsel was reasonable and fair contains the implicit finding that the employment of counsel and the conduct of the litigation in behalf of the plaintiff were prudent and reasonable.

It seems clear that if the present plaintiff had, acting reasonably and in good faith, seen fit to pay a reasonable sum to Sacco in settlement of the latter's claim, he would have been entitled to recover from the defendant not only the amount of such payment, but also his reasonable costs and expenses, including legal fees, in the earlier action. *Berke Moore Co., Inc. v. Lumbermens Mut. Cas. Ins. Co.,* supra; *Hartford Accid. & Indem. Co. v. Casassa,* 301 Mass. 246, 255; *Sears v. Nahant,* 215 Mass. 234, 239.

The defendant argues that since no money was paid by Shain to Sacco, and since judgment was entered in the earlier action in favor of Shain, he does not have the right to indemnity from the defendant which he would have had if he had reasonably settled the claim by a payment of money to Sacco.

With this argument we are unable to agree. The fact that as part of a general settlement with the original claimant, a judgment is entered in behalf of the party later seeking indemnification, is not decisive.

Thus, in *Berke Moore Co., Inc. v. Lumbermens Mutual Casualty Co.,* 345 Mass. 66, it was held that if the settlement made by Berke Moore with the original claimant was prudent and reasonable, it would be entitled to indemnification notwithstanding the fact that the settlement so made involved the entry of judgment for Berke Moore in that early action. The fact that no payment was made by Shain to Sacco should not be made the basis of denying Shain's right of indemnification. Were the courts to follow the argument of the defendant in this respect, the probable effect would be to encourage prospective indemnitees to make payments to original claimants against them in settlement of their claims, rather than attempting to resist such claims successfully, with the net result that indemnitors would be chargeable with the amounts of settlement payments in addition to legal expenses. We see no justification on the basis of precedent or logic for the adoption of such a rule. *Report dismissed.*

Frank I. Rose, of Boston, for the Plaintiff contended that:

Where a party is liable over to another on some claim, and is duly notified of the pendency of an action involving such claim and requested to take upon himself the defense of it, he is no longer a stranger but is bound by the judgment or the material facts established in such suit because he had the opportunity to appear and defend the action. *Levinton v. Poorvu,* 293 Mass. 338, 341; *Jertson v.*

*Hartley,* 342 Mass. 599, 603; *Jamrog v. H. L. Handy Co.,* 284 Mass. 195, 197.

Massachusetts Supreme Court joined the weight of authority, and extended or changed the doctrine whereby liability, without privity, is imposed upon makers of packed, bottled or canned products. *Carter v. Yardley Ltd.,* 319 Mass. 92, 102-104.

As to actions for breach of warranties of fitness or merchantability, the statute specifically spells out the right to recover over against a maker in the same position as the present defendant where there is proper notice. Uniform Commercial Code. G. L. c. 106, §2-607 (5); and §3-803.

Ralph C. Copeland, of Boston, for the Defendant.