FALL RIVER MOTOR SALES, INC. *vs.* VOLKSWAGEN OF AMERICA, INC. March 11, 1983. Treating the defendant's motion to dismiss, incorporated in its answer, as a motion for summary judgment because matters outside the pleading were considered, see Mass.R.Civ.P. 12(b), 365 Mass. 755 (1974), a judge of the Superior Court held for the defendant and dismissed the action. We affirm.

Shuster Enterprises, Inc. (Shuster), bought a new Porsche automobile from a dealer-franchisee of the present defendant distributor, Volkswagen of America, Inc., and, finding that the car consumed excessive oil, took it for repairs to another dealer-franchisee, the present plaintiff Fall River Motor Sales, Inc. The plaintiff undertook the repairs and replaced the "rings" with others obtained from the defendant. Shuster sued the plaintiff and defendant in a single action alleging breach of implied warranty of merchantability in one count, and negligence of the plaintiff in making repairs in a second count, and seeking damages against both plaintiff and defendant with respect to each count. The defendant settled the action against itself by payment of a certain sum to Shuster and refused any further defense of the Shuster action. Subsequently Shuster abandoned its action against the plaintiff and judgment entered therein in the plaintiff's favor.

In the present action the plaintiff's main effort is to recover from the defendant, on a theory of indemnification, the legal expenses and costs it incurred in defending the Shuster action. It is fatal to that claim, however, that the defendant was bound to assume the defense only of any claim, such as implied warranty, on which the plaintiff could be held vicariously liable for the defendant's fault; the defendant's duty as indemnitor did not extend further; and, as a joined party in the Shuster action, it was put on defense of such claim and discharged it by settlement with Shuster. (As distinguished from the warranty on the replacement parts, the plaintiff was presumably not at all involved in the warranty on the new car, which was sold to Shuster by another dealer.) A claim on which the defendant was not ultimately chargeable, as for negligence of the plaintiff itself in making repairs, had to be handled by the plaintiff at its own expense and without recourse to the defendant. Decisions like *Berke Moore Co.* v. *Lumbermens Mut. Cas. Co.*, 345 Mass. 66 (1962), *Trustees of New York, N.H. & H.R.R.* v. *Tileston & Hollingsworth Co.*, 345 Mass. 727 (1963), and *Ratner* v. *Canadian Universal Ins. Co.*, 359 Mass. 375, 379 (1971), are irrelevant; they treat of situations where an indemnitor failed to assume the defense against claims as to which it had final responsibility. We need not atttempt an extended interpretation of G. L. c. 93B, § 5B (Indemnification of Franchisees), on which the plaintiff tries to rely, for it can have no application where a distributor comes in to defend a dealer to the extent of the latter's vicarious liability for the distributor's fault. Other theories of recovery urged by the plaintiff are also without merit.

*Judgment affirmed.*

*Charles G. Rancourt* for the plaintiff.
*Terry Jean Seligmann* for the defendant.