Borenstein, J.
Third-party plaintiffs (“plaintiffs”) are seeking to preclude defendant Armor Kone Elevator (“defendant”) from challenging the reasonableness of plaintiffs’ settlement of the underlying tort claim brought by Douglas Grant.[5] For reasons set forth more fully below, plaintiffs’ motion is allowed. 
BACKGROUND
Douglas Grant, while employed by defendant, slipped and fell on the garage ramp of the State Street Bank Building on February 5, 1990 and suffered a serious head injury. Grant sued plaintiffs and Unicco *310 Services Co., Inc., a contractor who provided snow and ice removal services on the subject premises. Plaintiffs thereafter filed a third-party action against defendant and Morse Diesel. All parties subsequently participated in discovery and mediation. After the parties failed to achieve a resolution through mediation, the three defendants in the underlying action settled the case with Grant for a total of $1.1 million. Of this amount, plaintiffs each paid $325,000. Defendant subsequently notified plaintiffs that it intended to challenge the reasonableness of the settlement. Plaintiffs thereupon filed this motion.
DISCUSSION
Massachusetts recognizes the right of an indemni-tee to enter into a reasonable settlement with a claimant when the indemnitor refuses to participate in the suit. Trustees of the N.Y. N.H. & H.R.R. v. Tileston & Hollingsworth Co., 345 Mass. 727, 731 (1963); Berke Moore Co, Inc. v. Lumbermens Mut. Casually Co., 345 Mass. 66 (1962). In order to bind the indemnitor, the indemnitee “need give the indemnitor merely ‘notice and an opportunity to defend.’ ” Trustees, 345 Mass. at 732 (citation omitted).
Plaintiffs argue that it is “incontestable” that defendant was given notice and an opportunity to defend the claims brought by Grant. Having refused to defend, defendant is now bound by the settlement and precluded from challenging the reasonableness of it. However, this is an incorrect reading of Massachusetts law. Although defendant is bound by the “result” of settlement, Trustees, 345 Mass. at 732, it may only be bound by a reasonable settlement. Id. (indemnitee “entitled to consummate a fair and reasonable settlement”); Berke Moore, 345 Mass. at 71 (with regard to settlement, “(w]hat is reasonable to do they should be permitted to do”); see also Polaroid Corp. v. The Travelers Indem. Co., 414 Mass. 747, 761 (1993) (commenting that Berke Moore does not hold that one who declines to defend a claim “is liable automatically for the amount of any settlement reached”). Accordingly, defendant may challenge the reasonableness, but not the fact, of the settlement with Grant.
Defendant claims that the issue of reasonableness should be resolved by a jury. In particular, defendant points out that plaintiffs, in defending against Grant’s claims, argued that he was a trespasser; in pursuit of its claim against defendant, plaintiffs argued that defendant failed to advise Grant that he was not authorized to use the ramp on which he was injured. Yet, defendant notes, plaintiffs each contributed $325,000 towards a 1.1 million dollar settlement. Defendant contends that it should be allowed to expose plaintiffs’ inconsistent positions before ajury and prove that it did not cause Grant’s accident and/or that Grant was not trespassing. The Court disagrees. Although there are decisions which suggest that the determination of reasonableness may be made by a jury, see e.g. Monadnock Display Fireworks, Inc. v. Andover, 388 Mass. 153, 155 (1983); Berke Moore, 345 Mass. at 72-73, there are no cases which prohibit a judge from passing on the issue. In the Court’s opinion, the issue may be resolved in this case as a matter of law because there remain no factual disputes which require a jury. Any factual disputes concerning plaintiffs’ degree of negligence or Grant’s role as trespasser are moot because resolution of those issues has no bearing on the question of reasonableness. See Deerfield Plastics Co. v. Hartford Ins. Co., 404 Mass. 484, 486 n.3 (1989) (“the question here is the reasonableness of the settlement and, assuming the claim had some settlement value, the probable consequences of an [adjudication] are not important”). Put more simply, defendant does not have the right to try the issue of negligence before a jury in an effort to attack the reasonableness of the settlement.
As to whether the settlement was reasonable, the Court determines that Grant’s claim had significant settlement value for plaintiffs. Grant was seriously injured by an alleged unnatural accumulation of ice and snow on property owned by Hexalon and managed by LaSalle. As such, plaintiffs were potentially subject to considerable liability. They sought to control the extent of their liability and made a settlement accordingly. All things considered, plaintiffs’ settlement was reasonable.
ORDER
For the foregoing reasons, it is hereby ORDERED that plaintiffs’ motion for partial summary judgment is ALLOWED.

In its opposition to this motion, defendant argues that the relief sought by plaintiffs’ is not properly sought via summary judgment because it is not pursuant to a claim, counterclaim or cross-claim. Although defendant is perhaps technically correct in this assertion, the Court will treat plaintiffs’ motion as a request for declaratory judgment.

LaSalle Partners, Inc.

Morse Diesel, Inc.