ELLIOTT *v.* CASUALTY ASS'N OF AMERICA.

1. INSURANCE—AUTOMOBILE INSURANCE—BREACH OF POLICY.
    Refusal of insurance company to defend actions against insured for damages caused by insured truck, which was its duty to do under the policy, under erroneous impression that the policy did not cover particular truck involved, was breach of policy.

2. SAME—REFUSAL TO RELEASE INSURER NO EXCUSE FOR ITS REFUSAL TO DEFEND ACTIONS.
    Where it was insurer's duty, under the policy, to defend actions against insured truck owner, breach of said duty was not excused because insured refused to sign agreement releasing insurer from liability in action against it under the policy.

3. SAME—RIGHT OF INSURED TO RECOVER AMOUNT PAID IN SETTLEMENT.
    Where insurer wrongfully refuses to defend actions against insured, and latter defends and in good faith makes settlement thereof, he may recover amount paid in such settlement, unless it is shown that there was in fact no liability, or that amount paid was excessive; such settlement, in absence of proof to contrary, being evidence of liability, and amount thereof.

On effect of refusal of insurer to defend action and its effect under automobile liability insurance policy, see annotation in 41 A. L. R. 525.

4. Same—Construction of Policy.
   Language used in insurance policy should be so construed, if possible, as to make policy of some value to insured.

5. Same—Payment—Judgment—Satisfaction by Promissory Note Sufficient.
   Satisfaction of judgments against insured by promissory notes was sufficient compliance with requirements of policy to entitle insured to recover same against insurer.

Error to Wayne; Merriam (DeWitt H.), J. Submitted April 15, 1931. (Docket No. 94, Calendar No. 35,509.) Decided June 1, 1931. Rehearing denied October 5, 1931.

Assumpsit by Clarence E. Elliott, as assignee, and another against Casualty Association of America, a Michigan reciprocal insurance association, on an automobile insurance policy. Judgment for defendant. Plaintiff Elliott brings error. Reversed, and judgment ordered entered for plaintiff.

*Leithauser, Brown, Lenehan & O'Donnell,* for plaintiff Elliott.

*James B. Van Vechten, Jr.,* for defendant.

McDonald, J. This is a suit to recover for loss under an indemnity automobile policy issued by the defendant to Richard Frederick insuring property described as a 1926 Ford truck, motor No. 12264548. The applicable portions of the policy are as follows:

To indemnify the assured against loss for liability imposed by law upon him for damages on account of bodily injuries or death suffered by any person other than an employee; to defend any suit brought against him to enforce a claim, "whether groundless or not," for damages on account of bodily injuries or death to any person other than an em-

ployee; the association shall have the right to settle any claim or suit; the policy shall be void if the assured shall voluntarily assume any liability or interfere in any negotiations or legal proceedings conducted by the association or shall settle any claim or incur any other expense without the written consent of the association; if claim for damage is made to the assured he shall give notice to the association with full particulars; if any suit is. brought against him he shall immediately forward to the association every summons or other process as soon as the same shall be served; no action shall be brought against the association under the policy except for loss and until final judgment has been rendered after a trial in a suit against the assured and within 90 days from the date of judgment.

On January 6, 1928, while the policy was in full force and effect, the Ford truck became involved in an accident in which two women, Nellie E. Silk and Harriet L. Silk, were seriously injured. On June 2, 1928, each began suit against the assured. Notice of the accident and suits was promptly given to the insurer. It denied liability and refused to defend on the alleged ground that the truck involved in the accident was not the truck covered by the policy. About three weeks thereafter, the assured retained an attorney and assumed the defense. After appearance was entered and plea filed, the insurer offered to defend the suits on certain conditions not acceptable to the assured. The suits were not defended by the insurer. Eventually they were settled by the assured. His pleas were withdrawn and a judgment by default entered in each case for $5,000, which was the liability limit of the policy. The assured borrowed $10,000 from Clarence E. Elliott

to satisfy the judgments and to him they were assigned. This suit was brought under the policy to recover the loss. At the close of the plaintiff's case and on motion of defendant, Richard Frederick was dismissed as a party. The case was tried before the court without a jury. Findings of fact and conclusions of law were filed, on which judgment was entered in favor of the defendant on the theory that the insured breached the policy and relieved the defendant of liability when it settled the suits without its permission.

The plaintiff has appealed.

The principal question involved is whether the defendant breached the policy by refusing to defend and thereby released the insured from his agreement not to settle without its consent the suits brought against him by Nellie Silk and Harriet Silk.

It was the duty of the insurer to defend these suits brought against its assured. It refused to do so under the erroneous impression that its policy did not cover the particular truck involved in the accident. It is now settled that it was the same truck. Its refusal to defend was a breach of the policy. It was not excused because the insured refused to sign an agreement to waive any objections to its defenses in an action under the policy. When these suits were commenced against the insured, one of two courses was open to the insurer. It could repudiate liability and refuse to defend, taking its chances on a showing that the truck involved in the accident was not the truck insured, or it could defend, with notice to the insured that it reserved the right to later question the identity of the truck. At first it repudiated liability and refused to defend.

Later, after the insured had assumed the defense, it offered to defend if he would sign an agreement, the applicable sections of which read as follows:

"1. In consideration of the mutual promises hereinafter contained, the said second party agrees to and does hereby release the said association from any and all liability which may have been or might have been incurred on account of or by reason of the terms of said policy of indemnity.   *   *   *

"3. The said second party does hereby agree that no act of said association in defending said two suits above mentioned for and on behalf of said second party, and/or no act of said association in providing counsel to appear for and on behalf and to defend the said second party, shall be construed, looked upon, or considered as in any way, manner or form a waiver or prejudicial to the rights, claims and/or defenses of said association, it being expressly understood and agreed by and between the parties hereto that none of the acts above mentioned on the part of the association shall be prejudicial to or shall be considered or construed to waive any and/or all defenses which the association may have against the party of the second part hereto, or any other person whatsoever."

This contract if signed by the insured would have constituted an absolute release of all liability in an action against the defendant under the policy. The insured refused to sign it. The defendant's attorney testified he offered to eliminate section one. That he offered to do so is denied; but that makes no difference. The insured was not required to sign a contract in order to induce the insurer to defend the suits. The policy provided for that. The duty of the insurer in such circumstances is well stated by the court in *Mason-Henry Press* v. *Ætna Life*

*Insurance Co.,* 211 N. Y. 489 (105 N. E. 826), as follows:

"Under such circumstances, I think that the insurer as a matter of safety to itself and of fairness to the insured was bound to undertake the defense of the action for the benefit of both and of each. * * * Of course, there was no method by which it could compel the insured to make an explicit agreement of the kind above suggested covering this subject. All it could or was bound to do was to fairly and reasonably assert its rights under the policy in such a manner as would be notice to the insured that it did not intend to waive those rights by proceeding with the defense of the action."

In the instant case, the insurer should have defended. The policy unqualifiedly required it to do so. If it believed the truck involved in the accident was not the truck insured, it could easily have protected itself by a simple notification to the insured that, in defending, it did not waive its right to later deny liability on that ground. It wrongfully refused to defend, thereby breaching the policy and releasing the insured from its agreement not to settle the suits without its consent.

"Where the insurer has agreed to settle or defend an action brought to recover of the insured for an accident covered by the policy, and has wrongfully refused to so settle or defend the action, and the insured defends the same and in good faith makes a settlement thereof, he may recover the amount paid on such settlement, unless it is shown that there was in fact no liability, or that the amount paid was excessive. The settlement is presumptive evidence that there was a liability, and as to the amount thereof." *Butler Bros.* v. *American Fidelity Co.,* 120 Minn. 157 (139 N. W. 355, 44 L.

R. A. [N. S.] 609); 14 R. C. L. p. 1322; 36 C. J. p. 1116.

This decision is supported by the great weight of authority and is in harmony with reason and justice.

In this action, questions as to the reasonableness of the settlement, the good faith of the insured and his liability in the suits brought against him for damages were open to the defendant. They were not challenged by any evidence.

"Such settlement, in the absence of proof to the contrary, is presumptive evidence of a liability and the amount thereof." 36 C. J. p. 1116, § 108.

The loss defined in the policy is a loss actually sustained by the payment of money. It is claimed by the defendant that, as the insured did not pay any money to satisfy the judgment, but merely gave his note, he did not sustain a loss within the meaning of the policy.

"It is now well established by precedent that an insurer, having thus violated its contract to defend a suit against the insured, may not be allowed to defeat a recovery on the policy by objecting to the manner in which the judgment was paid." *Ford Hospital* v. *Fidelity & Casualty Co. of New York*, 106 Neb. 311 (183 N. W. 656); 36 C. J. pp. 1099, 1100.

If possible, the construction of the language used in the policy should be such as to make it of some value to the insured. There is no sense or justice in holding that unless his loss is in actual currency he cannot ask his insurer to reimburse him. We think the satisfaction of the judgments in this case by promissory note was a sufficient compliance with the requirements of the policy.

The defendant should pay this loss without further attempts at technical evasions of liability. The record discloses no reasonable excuse for refusal to discharge its obligations under the policy.

The judgment is reversed, and the case remanded to the circuit court for entry of judgment in favor of the plaintiff, with costs.

BUTZEL, C. J., and WIEST, CLARK, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.