THE DETROIT EDISON COMPANY v MICHIGAN MUTUAL
INSURANCE COMPANY

Docket No. 78-3481. Submitted May 13, 1980, at Detroit.—Decided
December 2, 1980.

An employee of Michigan Boiler Company was injured while
working at a Detroit Edison Company plant. Edison was in-
sured by a comprehensive general liability policy issued by
Michigan Mutual Insurance Company. The employee filed suit
against Edison. Thereupon, when Michigan Mutual declined to
defend the case, Edison filed a complaint in Wayne Circuit
Court for a declaratory judgment that Michigan Mutual was
required to defend the suit. Horace W. Gilmore, J., ruled that,
since the injured employee's complaint alleged negligence on
the part of Edison's employees rather than supervisory acts or
omissions, Michigan Mutual's motion for summary judgment
should be granted. Subsequently, Edison filed a motion for
reconsideration of the summary judgment based on the fact
that the injured employee had amended his complaint so that it
alleged specifically that Edison's negligence included its failure
to properly supervise the project he was working on.

Michigan Mutual's attorney filed an affidavit in response to
Edison's motion for reconsideration in which he stated that he
had spoken with the injured employee's attorney who indicated
that the amended complaint had been filed at Edison's request
and with Edison's language. Horace W. Gilmore, J., denied the
motion for reconsideration. Edison appeals. *Held:*

1. The duty of the insurer to defend the insured depends

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 44 Am Jur 2d, Insurance §§ 1535, 1539.
   Allegations in third person's action against insured as determining
   liability insurer's duty to defend. 50 ALR2d 458.
[2, 3] 44 Am Jur 2d, Insurance §§ 1541, 1542.
[4] 41 Am Jur 2d, Independent Contractors §§ 25, 35.
[5] 44 Am Jur 2d, Insurance §§ 1546, 1547.
[6] 44 Am Jur 2d, Insurance §§ 1535, 1545.
[7] 44 Am Jur 2d, Insurance § 1545.
   Consequences of liability insurer's refusal to assume defense of
   action against insured upon ground that claim upon which action
   is based is not within coverage of policy. 49 ALR2d 694.

upon the allegations in the complaint of the third party in his action against the insured and may extend to actions which are groundless, false, or fraudulent so long as the allegations against the insured are even arguably within the policy coverage. An insurer has a duty to defend despite theories of liability asserted against any insured which are not covered under the policy if there are any theories of recovery that fall within the policy. This duty to defend cannot be limited by the precise language of the pleadings. The insurer has the duty to look behind the third party's allegations to analyze whether coverage is possible. Any doubt as to whether or not a complaint against an insured alleges liability of the insured under the policy must be resolved in the insured's favor. Here, the employee's original complaint created a duty to defend on the part of Michigan Mutual because it can reasonably be inferred from that complaint that the employee was alleging that Edison failed to properly supervise his work to insure his safety.

2. An employer of an independent contractor can be held liable for injuries to an employee of the independent contractor, despite the general rule to the contrary, where the employer has breached a duty to supervise properly.

3. An insurer's unjustified refusal to defend makes it bound to pay the amount of any reasonable, good faith settlement made by the insured in the action brought against him by the injured party.

4. Virtually every negligent supervisory act or omission can also be called employee negligence. To deny insurance coverage for any injury resulting from a negligent supervisory act of an employee would render protection provided for liability resulting from supervisory acts meaningless.

5. Michigan Mutual has not had an opportunity to present evidence to show that the settlement was unreasonable, made in bad faith or that there was no liability because Edison did not enter into the settlement with the injured employee until after the declaratory judgment action had been decided in circuit court. Before a judgment for the amount of the settlement is entered against Michigan Mutual, it should be allowed to attempt to make such a showing.

Reversed and remanded.

1. INSURANCE — DUTY TO DEFEND.

The duty of the insurer to defend the insured depends upon the allegations in the complaint of the third party in his action against the insured and may extend to actions which are groundless, false, or fraudulent, so long as the allegations

against the insured are even arguably within the policy coverage.

2. INSURANCE — DUTY TO DEFEND.

An insurer has a duty to defend despite theories of liability asserted against any insured which are not covered under the policy if there are any theories of recovery that fall within the policy; this duty to defend cannot be limited by the precise language of the pleadings, and the insurer has the duty to look behind the third party's allegations to analyze whether coverage is possible.

3. INSURANCE — LIABILITY OF INSURER — COMPLAINTS.

Any doubt as to whether or not a complaint against an insured alleges a liability of the insurer to defend under the policy must be resolved in the insured's favor.

4. NEGLIGENCE — INDEPENDENT CONTRACTORS — LIABILITY — DUTY TO SUPERVISE.

An employer of an independent contractor can be held liable for injuries to an employee of the independent contractor, despite the general rule to the contrary, where the employer has breached a duty to supervise properly.

5. INSURANCE — INSURER'S REFUSAL TO DEFEND — SETTLEMENTS.

An insurer's unjustified refusal to defend makes it bound to pay the amount of any reasonable, good faith settlement made by the insured in the action brought against him by the injured party.

6. INSURANCE — LIABILITY TO DEFEND — INSURER'S OPTIONS.

Two options are available to an insurer where it is asked to defend an action brought against the insured and it questions its liability to defend; 1) it can undertake the defense, with notice to the insured that it is reserving the right to challenge its liability on the policy, or 2) it can repudiate liability and refuse to defend and take its chances that there will be a showing that there is no coverage for the insured's liability.

7. INSURANCE — RISK OF INSURER — DUTY TO DEFEND

An insurer takes the risk that the ruling will be reversed on appeal when it relies on a lower court ruling that it has no duty to defend.

*Dice, Sweeney, Sullivan & Feikens, P.C.,* for plaintiff.

*Hayim I. Gross,* for defendant.

Before: T. M. BURNS, P.J., and R. M. MAHER and M. E. CLEMENTS,* JJ.

M. E. CLEMENTS, J. Plaintiff Detroit Edison Company (Edison) appeals as of right from a circuit court order granting summary judgment in favor of defendant Michigan Mutual Insurance Company (Mutual) and from a denial of a motion for reconsideration of that summary judgment order. Edison had sought a declaratory judgment and a declaration of duty to defend to compel Mutual to defend Edison in a personal injury suit that was then pending.

On March 23, 1976, Salvatore Tocco severely injured his left hand and arm in an accident at the Edison Monroe plant. Tocco was an employee of Michigan Boiler Company, which was doing work at the Edison plant.

At the time of the accident, Edison was insured by a comprehensive general liability policy issued by Mutual. The policy provides:

"The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of Coverage A. personal injury or Coverage B. property damage to which this policy applies, caused by an occurrence or event arising out of (1) the work described in Item 4 of the declarations, (2) supervisory acts or omissions, including instructions and inspections, by the named insured in connection with such work and the company shall have the right and duty to defend any suit against the insured seeking damages on account of such personal injury or property damage, even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any

* Circuit judge, sitting on the Court of Appeals by assignment.

claim or suit as it deems expedient, but the company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the company's liability has been exhausted by payment of judgments or settlements."

Item 4, the description of work insured, contains the following language:

"All work let to any person or organization by The Detroit Edison Company and including all work performed by or for such person or organization on behalf of the named insured."

Another provision of the policy excludes liability coverage for:

"personal injury or property damage arising out of any act or omission of the named insured or any of his employees, other than supervisory acts or omissions including instructions and inspections, of work performed for the named insured."

Tocco filed suit against Edison seeking a total of $850,000 in damages. Paragraph 5 of the complaint alleged:

"That the negligence of the defendant, DETROIT EDISON COMPANY, consisted of improperly maintaining the machinery and equipment; failing to properly control the hydraulic devices and cylinders Plaintiff was required to work upon; that although the said Defendant knew or should have known that Plaintiff was working in the vicinity upon said hydraulic cylinders, Defendant recklessly and negligently left the cylinders in an operating condition and/or turned them on at the time he was working upon said cylinders, thereby causing the injuries and damages."

When Mutual declined to defend this case, Edi-

son filed a complaint on September 9, 1977, to compel Mutual to defend the suit. After several hearings were held, the lower court judge granted Mutual's motion for summary judgment finding that Tocco's complaint alleged negligence on the part of Edison's employees rather than supervisory acts or omissions.

Subsequently, Edison filed a motion for reconsideration of the summary judgment order based on the fact that Tocco had amended his complaint so that it specifically alleged that Edison's negligence included its failure to properly supervise the project Tocco was working on. This complaint alleged that Edison failed to properly inspect the machinery and failed to warn Tocco of the condition of the hydraulic cylinders.

Mutual's attorney filed an affidavit in response to Edison's motion for reconsideration in which he stated that he had spoken with Tocco's attorney who indicated that the amended complaint had been filed at Edison's request, that the additional language had been supplied by Edison, and that the facts alleged in the original complaint were the ones being primarily relied on in the suit against Edison. The lower court judge, in denying the motion for reconsideration, emphasized the facts stated in Mutual's affidavit.

Shortly before oral arguments on this appeal were heard, Tocco settled his claim against Edison for $50,000.

Because we find that the allegations in either Tocco's original complaint or in his amended complaint established a duty to defend on the part of Mutual, we reverse the lower court's summary judgment order in favor of Mutual.

The duty of the insurer to defend the insured depends upon the allegations in the complaint of

the third party in his or her action against the insured. This duty is not limited to meritorious suits and may even extend to actions which are groundless, false, or fraudulent, so long as the allegations against the insured *even arguably* come within the policy coverage. An insurer has a duty to defend, despite theories of liability asserted against any insured which are not covered under the policy, if there are any theories of recovery that fall within the policy. *Dochod v Central Mutual Ins Co,* 81 Mich App 63; 264 NW2d 122 (1978). The duty to defend cannot be limited by the precise language of the pleadings. The insurer has the duty to look behind the third party's allegations to analyze whether coverage is possible. *Shepard Marine Construction Co v Maryland Casualty Co,* 73 Mich App 62; 250 NW2d 541 (1976). In a case of doubt as to whether or not the complaint against the insured alleges a liability of the insurer under the policy, the doubt must be resolved in the insured's favor. 14 Couch on Insurance 2d, § 51:45, p 538.

Applying these rules to the facts of this case, we find that Tocco's original complaint created a duty to defend on the part of Mutual because it can reasonably be inferred from that complaint that Tocco was alleging that Edison failed to properly supervise his work to insure his safety. Several decisions from other jurisdictions have found that a duty to defend arose under circumstances similar to those involved in this case. *Chesapeake & Potomac Telephone Co of Maryland v Allegheny Construction Co,* 340 F Supp 734, 742-743 (Md, 1972), *Continental Casualty Co v Florida Power & Light Co,* 222 So 2d 58 (Fla App, 1969), *Western Casualty & Surety Co v Southwestern Bell Telephone Co,* 396 F2d 351 (CA 8, 1968).

Mutual cites *Citizens Mutual Ins Co v Employers Mutual Liability Ins Co of Wisconsin,* 49 Mich App 694; 212 NW2d 724 (1973), which was relied on by the lower court judge. In that case the defendant was insuring a sewer construction project to protect the City of Alma from claims arising out of the project. The policy excluded coverage for:

"any act or omission of the named insured or any of his employees, other than general supervision of work performed for the named insured by independent contractors." 49 Mich App 698.

An employee of the sewer contractor was killed when a water main broke and flooded the sewer ditch. The employee's co-workers could not shut off the water because no one had a hydrant key. The employee's estate sued Alma for failing to inspect and supervise the construction operation and failing to provide the contractor with a hydrant key. The defendant, along with the plaintiff insurance company, participated in the defense of the negligence action against Alma under a denial of liability and a reservation of rights. The case was eventually settled for $45,000 and the plaintiff sued the defendant for reimbursement of the amount of the settlement.

This Court found that the defendant was not liable under the policy it had issued. Without citing any authority, this Court held that the policy coverage for "general supervision" did not include the failure to keep a hydrant key available for use in an emergency. On the contrary, this Court concluded, the failure to have the hydrant key available was the negligent act of an Alma employee and was, therefore, excluded from the policy coverage.

*Citizens Mutual* can be distinguished from the present case in that the insurer in *Citizens Mutual* had participated in the defense of the insured so that the principles applicable to a determination of whether a duty to defend existed were not involved. Further, the policy at issue in the present case specifically provided coverage for supervisory acts or omissions, *including instruction and inspections.* This emphasized language was not present in the policy litigated in *Citizens Mutual.*

In any event, we decline to follow *Citizens Mutual* to the extent that it is inconsistent with our holding today. Virtually every negligent supervisory act or omission can also be called employee negligence. To deny coverage for any injury resulting from a negligent supervisory act of an employee would render protection provided for liability resulting from supervisory acts meaningless.

In *Signs v Detroit Edison Co,* 93 Mich App 626; 287 NW2d 292 (1979), this Court stated that an employer of an independent contractor can be held liable for injuries to an employee of the independent contractor, despite the general rule to the contrary, where the employer has breached a duty to supervise properly. The policy at issue in the present case appears to provide coverage for such liability. Tocco's claim against Edison was arguably within the policy coverage. The lower court erred in finding there was no duty to defend.

We must next determine the appropriate remedy in view of the settlement of Tocco's claim against Edison. The general rule is that the insurer's unjustified refusal to defend makes it bound to pay the amount of any reasonable, good faith settlement made by the insured in the action brought against him by the injured party. 14 Couch on Insurance 2d, § 51:54, p 552. In *Elliott v*

*Casualty Ass'n of America,* 254 Mich 282, 287; 236 NW 782 (1931), the Court quoted with approval the following language from a Minnesota case:

" 'Where the insurer has agreed to settle or defend an action brought to recover of the insured for an accident covered by the policy, and has wrongfully refused to so settle or defend the action, and the insured defends the same and in good faith makes a settlement thereof, he may recover the amount paid on such settlement, unless it is shown that there was in fact no liability, or that the amount paid was excessive. The settlement is presumptive evidence that there was a liability, and as to the amount thereof.' *Butler Bros v American Fidelity Co,* 120 Minn 157 (139 NW 355, 44 LRA [NS] 609); 14 RCL, p 1322; 36 CJ, p 1116."

The *Elliott* Court indicated that two options are available to an insurer when it is asked to defend an action brought against the insured. It can undertake the defense with notice to the insured that it is reserving the right to challenge its liability on the policy. The second alternative for the insurer is to repudiate liability, refuse to defend and take its chances that there will be a showing that there is no coverage for the insured's liability. In *Elliott,* the insurer refused to defend. When the insured brought suit to recover the amount of the settlement, the insurer presented no evidence to show that there was no liability or that the settlement was unreasonable or not made in good faith. The *Elliott* Court, therefore, ordered the insurer to pay the amount of the settlement.

Mutual contends that its refusal to undertake Edison's defense was not wrongful because it had obtained a lower court ruling in the declaratory judgment action that it had no duty to defend. *Elliott* suggests that the best way for an insurance company to protect itself is to defend the action

against the insured while giving notice that it is not waiving its right to deny its own liability on the policy. In *Zurich Ins Co v Rombough,* 384 Mich 228, 235; 180 NW2d 775 (1970), the Court spoke out against the practice of delaying third party actions against an insured while the insurer's duty to defend is determined in a separate declaratory judgment action. When an insurer relies on a lower court ruling that it has no duty to defend, it takes the risk that the ruling will be reversed on appeal. The lower court ruling that Mutual had no duty to defend does not make the principle set forth in *Elliott* any less applicable to this case.

Because Edison did not enter into the settlement with Tocco until after the declaratory judgment action had been decided in circuit court, Mutual has not had an opportunity to present evidence to show that the settlement was unreasonable or made in bad faith or that there was no liability. Before a judgment for the amount of the settlement is entered against Mutual, Mutual should be allowed to attempt to make such a showing. *Elliott, supra.* In view of the ambiguity in the complaint against Edison as to whether supervisory or nonsupervisory negligence was being alleged, Mutual should also be permitted to attempt to show that, even though Edison was liable to Tocco, Edison's liability was not covered by the policy issued by Mutual. See *Dochod v Central Mutual Ins Co,* 81 Mich App 63, 67; 264 NW2d 122, 123-124 (1978), *Afcan v Mutual Fire, Marine & Ins Co,* 595 P2d 638 (Alas, 1979), *Thornton v Paul,* 74 Ill 2d 132; 384 NE2d 335 (1978). But see *Space Conditioning, Inc v Insurance Co of North America,* 294 F Supp 1290 (ED Mich, 1968).

Reversed and remanded for proceedings not inconsistent with this opinion.