ST PAUL INSURANCE COMPANY v BISCHOFF

Docket No. 79555. Submitted December 4, 1985, at Grand Rapids.—
Decided January 27, 1986.

On March 2, 1981, defendant Insurance Company of North Amer-
ica (INA), as assignee of All-Phase Electric Company, filed a
suit in the Kent Circuit Court against defendant John Bischoff,
doing business as Watchdog Alarms, alleging that his negligent
installation of a security alarm system at a building owned by
All-Phase was a proximate cause of a substantial fire loss.
Plaintiff, St. Paul Insurance Company, the comprehensive gen-
eral liability insurer for defendant Bischoff's business, refused
to defend Bischoff in the suit. On May 16, 1983, the trial court
entered a consent judgment in the amount of $719,302.87
against Bischoff. The consent judgment provided that all of
Bischoff's rights against St. Paul were assigned to INA and that
the judgment was not to be enforced against any other assets or
income of Bischoff. On August 1, 1981, St. Paul filed the instant
action in the Kent Circuit Court seeking a declaratory judg-
ment against INA and Bischoff on the grounds that it had no
duty to defend, or liability to pay any benefits on behalf of
Bischoff, in the underlying tort action. INA brought a counter-
claim against St. Paul seeking a determination that the St.
Paul policy did provide coverage to Bischoff. On July 5, 1984,
following motions for summary judgment by St. Paul and INA,
the trial court, Robert A. Benson, J., denied INA's motion,
found that St. Paul had breached its duty to defend Bischoff
and awarded Bischoff damages of $3,178.78 in attorney fees and
costs. The trial court also granted St. Paul's motion for sum-
mary judgment and entered a declaratory judgment providing
that a policy exclusion in the insurance contract between St.
Paul and Bischoff applied to this situation and that, therefore,
St. Paul had no obligation to indemnify Bischoff. The trial

REFERENCES

Am Jur 2d, Insurance §§ 1393 *et seq.*

Am Jur 2d, Summary Judgments §§ 12 *et seq.*

See the annotations in the ALR3d/4th Quick Index under Insur-
ance.

court also entered a summary judgment in favor of St. Paul against INA on INA's counterclaim. INA appeals. *Held:*

1. Plaintiff does not contest the trial court's finding that it breached its duty to defend Bischoff.

2. The trial court was correct in permitting plaintiff to assert the policy exclusion. Plaintiff's failure to defend Bischoff did not foreclose plaintiff from showing that it was not liable under the policy.

3. The exclusionary language of the policy between St. Paul and Bischoff was not ambiguous. Bischoff's subsequent servicing and adjustment of the otherwise completed system did not render the operation incomplete under the unambiguous language in the last sentence of the exclusion.

4. The trial court did not err in granting plaintiff's motion for summary judgment and in entering a declaratory judgment providing that St. Paul had no obligation to indemnify Bischoff.
Affirmed.

1. INSURANCE — INSURERS — DUTY TO DEFEND — DUTY TO PAY.

The duty of an insurer to defend an action brought against the insured by a third party is severable from the duty to pay; that an insurer may ultimately be found not liable is a matter separate and apart from its obligation to defend the insured.

2. INSURANCE — DUTY TO DEFEND.

Two options are available to an insurer where it is asked to defend an action brought against the insured and it questions its liability to defend: (1) it can undertake the defense, with notice to the insured that it is reserving the right to challenge its liability on the policy, or (2) it can repudiate liability and refuse to defend and take its chances that there will be a showing that there is no coverage for the insured's liability; the insurer's failure to defend its insured in the underlying suit does not foreclose the insurer from showing in a separate declaratory judgment action brought by the insurer that it was not liable under the policy.

3. MOTIONS AND ORDERS — SUMMARY JUDGMENT — ISSUES OF MATERIAL FACT.

A motion for summary judgment on the ground that there is no genuine issue as to any material fact is to be granted only if there is no genuine issue as to any material fact and the movant is entitled to a judgment as a matter of law; the court is to consider the pleadings, depositions, affidavits, admissions and other documentary evidence submitted and give the opposing party the benefit of any reasonable doubt; the motion

should be granted only if the court is satisfied that it is impossible for the claim or defense to be supported at trial because of some deficiency which cannot be overcome (GCR 1963, 117.2[3]; now MCR 2.116[C][10]).

*Menmuir, Zimmerman, Rollert & Kuhn* (by *R. Edward Kuhn),* for St. Paul Insurance Company.

*Dilley, Dewey & Waddell, P.C.* (by *Jonathan S. Damon),* for Insurance Company of North America.

Before: BEASLEY, P.J., and R. M. MAHER and R. L. TAHVONEN,* JJ.

PER CURIAM. On March 2, 1981, defendant Insurance Company of North America (INA), as assignee of All-Phase Electric Company, filed suit against defendant John Bischoff alleging that his negligent installation of a security alarm system at a building owned by All-Phase Electric Company was a proximate cause of a substantial fire loss. Plaintiff, St. Paul Insurance Company, the comprehensive general liability insurer for defendant Bischoff's business, refused to defend Bischoff in the suit. On May 16, 1983, the trial court entered a consent judgment in the amount of $719,302.87 against Bischoff. The consent judgment provided that all of Bischoff's rights against St. Paul were assigned to INA and that the judgment was not to be enforced against any other assets or income of Bischoff.

On August 1, 1981, St. Paul filed the action involved in this appeal, seeking a declaratory judgment against INA and Bischoff on the grounds that it had no duty to defend, or liability to pay any benefits on behalf of Bischoff, in the underlying tort action. On July 5, 1984, the trial court

* Circuit judge, sitting on the Court of Appeals by assignment.

found that St. Paul had breached its duty to defend Bischoff and awarded damages of $3,178.78 in attorney fees and costs to Bischoff. However, the trial court also granted St. Paul's motion for summary judgment under GCR 1963, 117.2(3), now MCR 2.116(C)(10), and entered a declaratory judgment providing that a policy exclusion in the insurance contract between St. Paul and Bischoff applied in this situation and that, therefore, St. Paul had no obligation to indemnify Bischoff. INA appeals as of right from the trial court's order granting summary judgment to St. Paul.

INA first argues that plaintiff cannot raise an exclusion in its insurance contract with Bischoff after breaching its duty to defend Bischoff in the underlying tort action. In this connection, we note that plaintiff does not contest the trial court's finding that it breached its duty to defend Bischoff. However, we also note that, under well-established Michigan law, this Court held in *Dochod v Central Mutual Ins Co,*[1] that:

"When considering whether the insurer has a duty to defend the insured, it must be remembered that the duty to pay is severable from the duty to defend. *Zurich Ins Co v Rombough,* 384 Mich 228; 180 NW2d 775 (1970). The one is not dependent on the other. That an insurer may ultimately be found not liable, therefore, is a matter separate and apart from its obligation to defend the insured."

INA argues that this Court should adopt the rule used by courts in Illinois and Connecticut, which provides that an insurer has no right to assert exclusion provisions once it has breached its duty to defend the insured. However, the Michigan decisions compel us to reject INA's arguments.

[1] 81 Mich App 63, 67; 264 NW2d 122 (1978); see also, *State Farm Fire & Casualty Co v Huyghe,* 144 Mich App 341, 345; 375 NW2d 442 (1985).

In *Detroit Edison Co v Michigan Mutual Ins Co,*[2] following the earlier 1931 case of *Elliott v Casualty Ass'n of America,*[3] this Court stated that two options are available to an insurer when it is asked to defend an action brought against its insured:

> "It can undertake the defense with notice to the insured that it is reserving the right to challenge its liability on the policy. The second alternative for the insurer is to repudiate liability, refuse to defend and take its chances that there will be a showing that there is no coverage for the insured's liability." *Detroit Edison, supra,* p 145.

This Court's decision in *Detroit Edison, supra,* is directly on point to the situation presented in the within case. The insurer in *Detroit Edison,* like plaintiff herein, chose the second option noted above. Although this Court reversed the trial court in *Detroit Edison* and found that the insurer had breached its duty to defend its insured, the case was remanded to allow the insurer to make a showing that there was no liability despite a consent judgment entered against the insured. This Court specifically noted that the insurer was permitted to assert that, even if the insured was liable in the underlying suit, the injury was not covered by the policy.[4]

In light of the decisions in *Detroit Edison* and *Elliott, supra,* we conclude that the trial court was correct in permitting plaintiff to assert the policy exclusion. Plaintiff's failure to defend Bischoff did not foreclose plaintiff from showing that it was not liable under the policy.

---

[2] 102 Mich App 136, 145; 301 NW2d 832 (1980).

[3] 254 Mich 282, 285; 236 NW 782 (1931).

[4] *Detroit Edison, supra,* p 146.

INA also argues that, even if plaintiff is allowed to assert the policy exclusions in this case, the trial court erred in granting summary judgment to plaintiff based on the application of the "completed operations" exclusion. A motion for summary judgment under GCR 1963, 117.2(3) is to be granted only if there is no genuine issue as to any material fact and the movant is entitled to a judgment as a matter of law. The court is to consider the pleadings, depositions, affidavits, admissions and other documentary evidence submitted to it. The court must give the opposing party the benefit of any reasonable doubt and should grant the motion only if satisfied that it is impossible for the claim or defense to be supported at trial because of some deficiency which cannot be overcome.[5]

The relevant facts surrounding the underlying negligence action against Bischoff are not in serious dispute. Some time in May, 1978, Bischoff installed a security alarm system at a building owned by All-Phase Electric Company. Between the date of installation and August 18, 1978, All-Phase experienced numerous false alarms with the security system. All-Phase turned the system off on August 18, 1978. On August 19, 1978, an unknown person broke into the All-Phase building and started a fire which damaged the building. The fire damage formed the basis for INA's tort action against Bischoff.

From the time of installation until August 18, 1978, All-Phase called Bischoff back to the building on two occasions in order to cure the false alarm problem. The first call was a month after installation and the second call was about three weeks prior to the fire. Bischoff did not charge All-

[5] *Johnson v Auto-Owners Ins Co*, 138 Mich App 813, 815; 360 NW2d 310 (1984).

Phase for these visits, since he felt that it was his responsibility to adjust the system and assist with any problems. In his deposition, Bischoff claimed that he had never advised All-Phase to turn off the system and that the system was operating immediately after installation and during his later checks.

The policy of insurance between St. Paul and Bischoff contains a "completed operations" exclusion which provides:

" 'completed operations hazard' includes bodily injury and property damage arising out of operations or reliance upon a representation or warranty made at any time with respect thereto, but only if the bodily injury or property damage occurs after such operations have been completed or abandoned and occurs away from premises owned by or rented to the Named Insured. 'Operations' include materials, parts or equipment furnished in connection therewith. Operations shall be deemed completed at the earliest of the following times:
"(1) when all operations to be performed by or on behalf of the Named Insured under the contract have been completed,
"(2) when all operations to be performed by or on behalf of the Named Insured at the site of the operations have been completed, or
"(3) when the portion of the work out of which the injury or damage arises has been put to its intended use by any person or organization other than another contractor or subcontractor engaged in performing operations for a principal as a part of the same project.
"Operations which may require further service or maintenance work, or correction, repair or replacement because of any defect or deficiency, but which are otherwise complete, shall be deemed completed."

This exclusion is identical to the one reviewed by this Court in *Tiano v Aetna Casualty & Surety Co*,[6] where the exclusionary language was upheld

---

[6] 102 Mich App 177, 188; 301 NW2d 476 (1980).

as unambiguous. The *Tiano* Court went on to hold that such an exclusion precluded recovery from the insurer for injuries arising after operations had been completed.

We agree with the *Tiano* decision and, in applying the unambiguous terms of the exclusion to the facts in this case, we conclude that the trial court did not err in granting plaintiff's motion for summary judgment. The portion of the work out of which the injury or damage arose (the installation of the security alarm system) had been put to its intended use by All-Phase. Therefore, under alternative (3) of the above-quoted exclusion, the operation performed by Bischoff was complete upon installation. Bischoff's subsequent servicing and adjustment of the otherwise completed system did not render the operation incomplete under the unambiguous language in the last sentence of the exclusion.

Based on the factual situation presented herein, it would be impossible for INA, at trial, to avoid the effect of the policy exclusion in the insurance contract between St. Paul and Bischoff. No issue of material fact exists as to whether the operation performed by Bischoff was "complete" for purposes of the policy exclusion. Consequently, the trial court did not err in granting plaintiff's motion for summary judgment and in entering a declaratory judgment providing that St. Paul had no obligation to indemnify Bischoff.

Affirmed.