**GRANT–SOUTHERN IRON & METAL COMPANY, a Michigan corporation; and Detroit Briquetting Company, a Michigan joint venture; Plaintiffs,**

v.

**CNA INSURANCE COMPANY, a foreign corporation; and Transportation Insurance Company, a foreign corporation; Jointly and Severally, Defendants.**

**Civ. A. No. 85–1866.**

United States District Court, E.D. Michigan, S.D.

Dec. 30, 1986.

Phil Grassoff, Detroit, Mich., for plaintiffs.

Stanley A. Prokopp, Detroit, Mich., for defendants.

## MEMORANDUM OPINION

SUHRHEINRICH, District Judge.

This matter is before the Court on the cross-motions of the parties for partial summary judgment. Plaintiffs Grant-Southern Iron & Metal Company and Detroit Briquetting Company (collectively "Grant-Southern") have brought this action for idemnification and attorney fees and expenses incurred in a class action suit which alleged that Grant-Southern caused certain injuries by polluting the air with the emissions from their iron briquetting plant. Both plaintiffs and defendants have moved for partial summary judgment with respect to the duty of defendants to defend Grant-Southern in the underlying state class action lawsuit.

Plaintiffs operate an iron briquetting plant at 9100 John Kronk in the City of Detroit. The emissions from this plant include certain noxious substances. The plant is equipped with pollution control devices designed to substantially reduce the emission of these substances. On July 24, 1979 a complaint was served on plaintiffs seeking damages and equitable relief from Grant-Southern for injuries allegedly caused by the emissions of pollution from the briquetting plant. This complaint comprised Civil Action No. 79–924743–NO, and was filed in Wayne County Circuit Court, and shall hereafter be referred to as the "Kolasinski Complaint". In 1983 a hearing was held in Wayne County Circuit Court to determine whether a preliminary injunction should be issued to enjoin Grant-Southern from permitting its plant to emit certain substances. The Court found that while Grant-Southern's equipment was 99.9% efficient in controlling emissions when it was operating properly the equipment did not always work. The Circuit Court entered an order on September 20, 1983 for Grant-Southern to:

1) clean up their premises;

2) keep records of their equipment maintenance and cleaning; and

3) to install a monitoring device to monitor emissions.

In November of 1983 Grant-Southern requested that defendants undertake the defense of the Kolasinski matter. In a letter dated January 4, 1984 defendants refused to defend Grant-Southern on the grounds that the discharge of pollutants was neither sudden nor accidental.

On March 5, 1984 Grant-Southern notified the defendants that it was considering settling the Kolasinski matter for $540,000. Defendants did not respond to this letter, and the matter was settled for that amount.

Grant-Southern allegedly incurred attorney's fees of $164,170 and expenses of $22,681.15 in connection with the defense of the Kolasinski matter. The parties' cross-motions seek summary judgment as to whether defendants are liable for these amounts as a consequence of their duty to defend the insured, Grant-Southern.

The threshold question before the Court is whether a duty to defend ever existed. It is well established in Michigan law that an insurer has a duty to defend an insured so long as the underlying complaint alleges

facts against the insured which are even arguably within the policy's coverage. *Detroit Edison v. Michigan Mutual Insurance Company,* 102 Mich.App. 136, 141–142, 301 N.W.2d 832 (1980). In determining whether such a case exists the Court is to look to the allegations in the complaint of the third party. *Id.* Insurers are required to look beyond the allegations of the complaint to analyze whether or not coverage is possible. *Id.* at 142, 301 N.W.2d 832.

Defendants contend that they had no duty to defend plaintiffs because the Kolasinski complaint did not even arguably allege a claim which would be covered by the contract of insurance. This argument has several potential foundations but the Court will only consider whether the pollution exclusion clause precludes coverage of the damages alleged in the Kolasinski complaint.

Grant-Southern's policy provided that: This insurance does not apply ... to bodily injury or property damage arising out of the discharge, dispersal, release or escape of smoke, vapors, soot, fumes, acids, alkalis, toxic chemicals, liquids or gases, waste materials or other irritants, contaminants or pollutants into or upon land, the atmosphere or any water course or body of water; but this exclusion does not apply if such discharge, dispersal release or escape is *sudden* and *accidental;* [emphasis added].

Defendants argue that the discharges alleged in the Kolasinski complaint were neither sudden nor accidental and that the insurer had no duty to defend Grant-Southern under this policy. The Court agrees with defendants that the Kolasinski complaint does not arguably present a case which would be covered by the policy and the defendants, therefore, had no duty to defend Grant-Southern.

An examination of the Kolasinski complaint shows that the language of the complaint was consistent. In every count the complaint references "regular and continuous" discharges of pollutants from their plant resulting in various types of harm. The complaint references repeated "violation notices" issued to the plant by the Wayne County Department of Health, Air Pollution Control Division, for violating Wayne County Air Pollution Control Regulations.

The language of the complaint clearly indicates that the alleged pollution was not "sudden", it was continuous and ongoing. Neither was it "accidental" because according to the complaint Grant-Southern had notice of the problem but the polluting continued.

It is clear to the Court that the Kolasinski complaint, by its unequivocal language, states a cause of action which is not even arguably sudden or accidental.

Judge Gilmore's opinion in *American States Insurance v. Maryland Casualty,* is the most persuasive of the various authority cited by the parties. *See American States Insurance v. Maryland Casualty Co., et al.,* 587 F.Supp. 1549 (E.D.Mich. 1984). In *American States* a general liability insurer filed a declaratory judgment action against its insured and the insured's other carriers to determine which, if any, of the carriers owed the insured a duty to defend or indemnify. In the underlying action the insured was accused of dumping toxic wastes on certain properties. According to the complaint the toxic wastes seeped into the ground and moved through the water tables to the adjoining lands of plaintiffs making the water unfit for human or animal consumption. The complaint alleged theories of negligence, negligent entrustment, nuisance, trespass, strict liability and products liability. The insurance contracts contained a pollution exclusion clause virtually identical to the one contained in Grant-Southern's policy. Judge Gilmore found that in the absence of any suggestion that the dumping was accidental, it must be concluded that the policy did not even arguably cover the damages caused by the insured. Judge Gilmore went on to quote a New York court which concluded that the policy behind the pollution exclusion clause was to prevent industries from seeking insurance coverage rather than stop polluting the environment. *Niagara County v. Utica Mutual Insur-*

*ance, Co.,* 80 A.D.2d 415, 439 N.Y.S.2d 538 (1981).

The Court recognizes the difference between a toxic dumping case and the instant matter, but finds substantial similarities as well. The dumping which occurred in *American States* was done from time to time over a period of years. In this matter Grant-Southern's pollution equipment malfunctioned, by both parties' account, at least sporadically and may be continuously. In both cases the complaint in the underlying lawsuit does not allege that the pollution was accidental. The Court also finds Judge Gilmore's policy arguments persuasive. For these reasons, the Court finds that the Kolasinski complaint did not even arguably come within the coverage of the policy.

Further, it is clear to the Court that looking behind the complaint to determine whether a duty to defend exists does not alter the conclusion that this activity is not covered by the insurance policy. Defendants conducted their own investigation into this matter and determined that they had no duty to defend. Plaintiffs offer no evidence which suggests that a duty to defend could be found by "looking behind the complaint". Plaintiffs encourage the Court to hypothesize about some combination of events which might conceivably result in coverage of this lawsuit. This the Court refuses to do.

Plaintiffs offer the terms of the settlement agreement as evidence that the emissions were sudden and accidental. The settlement states "that none of the acts or omissions complained of against the Defendant parties were done intentionally by the defendant parties; that the pollution, if any, was accidental and occurred without the knowledge of the Defendant parties". However, this term was added late in the settlement negotiations at the instigation of Grant-Southern's counsel. This is not sufficient to create an issue of fact as to whether the pollution was arguably sudden and accidental. The clause was added under circumstances where it created no possible detriment to the plaintiffs in the Kolasinski action and is virtually meaningless.

Furthermore, the Court finds this result is consistent with the public interest. The defendants undertook to insure the plaintiffs against certain unknown risks of harm. The insurance companies did not undertake to indemnify Grant-Southern against events which were within its control and the occurrence of which was known to the insured. Grant-Southern properly should assume liability for damages which they had knowledge of and permitted to occur.

The Court notes that it will not at this time act on defendants' motion to modify the scheduling order.

An appropriate order shall be entered.

### ORDER

In accordance with the Memorandum Opinion bearing this date,

IT IS HEREBY ORDERED that plaintiffs' motion for partial summary judgment is DENIED.

IT IS FURTHER ORDERED that defendants' motion for partial summary judgment is GRANTED with respect to the duty of defendants' to defend Grant-Southern in the underlying state class action lawsuit.