**HARTER CORPORATION, Plaintiff,**

v.

**HOME INDEMNITY COMPANY, et al., Defendants.**

**No. K88–154 CA.**

United States District Court,
W.D. Michigan.

April 12, 1989.

Howard & Howard by Myra L. Willis, Antoinette Beuche, Kalamazoo, Mich., for plaintiff Harter Corp.

Fischer, Franklin, Ford, Simon & Hogg by Arthur J. LeVasseur, Detroit, Mich., and Siff, Rosen & Parker by Ignatius J. Melito, David M. Pollack, Stephen V. Kovarik, New York City, for defendant New England Ins., S/H/A First State Ins.

Straub, Seaman & Allen by Drew F. Seaman, Carol J. Wilson, St. Joseph, Mich., for defendants American Cas., and Continental Cas.

Provizer, Lichtenstein, Pearlman & Phillips by Randall Phillips, Southfield, Mich., for Intern. Ins. Co.

Nelson & Krueger, by James Nelson, Grand Rapids, Mich., and Rivkin, Radler, Dunne & Bayh by Gary D. Centola, Uniondale, N.Y., for defendant American Ins. Co.

Roberts, Betz & Bloss by David Bloss, Grand Rapids, Mich., for defendant Home Indemn. Co.

## OPINION

BENJAMIN F. GIBSON, District Judge.

### INTRODUCTION

Plaintiff Harter Corporation ("Harter") is a furniture manufacturer which is under investigation by the Environmental Protection Agency ("EPA") for releasing hazardous waste into the environment. The EPA has sent letters to Harter documenting hazardous waste from facilities which had received waste from Harter. The EPA has also indicated that Harter is potentially responsible for costs involved in cleaning up this waste.

Defendants provided insurance for Harter under several policies. Harter has requested the defendant insurers to defend Harter against the EPA's investigations. Each insurer, however, has denied that the applicable policy provides for such coverage. Presently pending is Harter's motion for partial summary judgment with respect to the duty to defend issue.

### SUMMARY JUDGMENT STANDARDS

Summary judgment is appropriate only where no genuine issue of fact remains to be decided so that the moving party is

entitled to judgment as a matter of law. *Atlas Concrete Pipe, Inc. v. Roger J. Au & Son*, 668 F.2d 905, 908 (6th Cir.1982). There is no material issue of fact for trial unless, in viewing the evidence in favor of the non-moving party, a reasonable fact-finder could return a verdict for that party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). "If the evidence is merely colorable or is not significantly probative, summary judgment may be granted." *Id.* (citations omitted).

The party moving for summary judgment bears the initial responsibility of informing the court of the basis of its motion and identifying those portions of the record which demonstrate the absence of a material issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Once this has been done, the non-moving party must come forward with specific facts showing that there is a material issue of fact on an issue which the non-moving party will bear the burden of proof at trial. Fed.R.Civ.P. 56(e); *Celotex*, 477 U.S. at 322, 106 S.Ct. at 2552.

## ANALYSIS

The relevant portions of Harter's insurance policies provide as follows:

> The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of
>
> A.  bodily injury or
> B.  property damage
>
> to which this insurance applies, caused by an occurrence, and the company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury or property damage, even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient, but the com-

pany shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the company's liability has been exhausted by payment of judgments or settlements.

Harter argues that the EPA's designation of Harter as a potentially responsible party ("PRP") triggers defendants' duty to defend under the respective insurance policies. According to the insurance policies, defendants have a "duty to defend any suit against the insured seeking damages." Harter contends that the EPA's "PRP" letter is the equivalent of a suit seeking damages.

Under longstanding principles of Michigan law,[1] where the language of the policy is ambiguous, such ambiguity should be resolved in favor of the insured. *Wozniak v. John Hancock Mutual Life Insurance Co.*, 288 Mich. 612, 615, 286 N.W. 99 (1939). However, where the language is unambiguous, the policy must be construed as written. *Kingsley v. American Central Life Insurance Co.*, 259 Mich. 53, 55, 242 N.W. 836 (1932). Language in contracts of insurance, like all other contracts, should be considered according to its plain and ordinary meaning. *Id.* The plain meaning of a word should not be perverted in order to construe the policy in favor of the insured. *Wozniak*, 288 Mich. at 615, 286 N.W. 99. Also, the mere assertion of any ambiguity does not establish an ambiguity. Ambiguity arises, if at all, from the language claimed to be ambiguous.[2] *Lincoln Mutual Casualty Co. v. American Arbitration Association*, 49 Mich.App. 676, 212 N.W.2d 765 (1973).

The Court cannot construe the EPA's threat to hold Harter liable for clean up costs as a suit seeking damages without doing violence to the plain and ordinary meaning of the word "suit." *See Dextrex Chemical Industries v. Employers Insurance of Wausau*, 681 F.Supp. 438 (N.D.

---

1.  It is undisputed that Michigan law governs the interpretation of the applicable insurance policies in this case.

2.  For purposes of construing a duty to defend provision, state law requiring language to be

accorded its plain meaning cannot be ignored. *See United States Fidelity and Guaranty Co. v. Star Fire Coals, Inc.*, 856 F.2d 31, 33 (6th Cir. 1988). Courts should not use "tortured logic to find ambiguity where in fact none exists." *Id.*

Ohio 1987). *But see Fireman's Fund Insurance Co. v. Ex–Cell–O Corp.,* 662 F.Supp. 71 (E.D.Mich.1987) ("PRP" letter is a "suit" for purposes of an insurer's duty to defend). Harter has not demonstrated any ambiguity in the word "suit," and the Court finds none. Accordingly, the term "suit" will be construed according to its plain meaning. The Court finds that a "suit" in this context plainly means some type of court proceeding.[3] It is undisputed that a "PRP" letter is not a court proceeding. Accordingly, defendants have no duty to defend at this point.

An extensive and persuasive analysis of this matter is set forth in *Dextrex.* The policy before the Court in *Dextrex* was similar to the one before this Court. After analyzing the word "suit," the *Dextrex* court concluded that an EPA "PRP" letter could not reasonably be included in the definition of the word "suit" because a PRP letter involves no court process. *Dextrex,* 681 F.Supp. at 442–43.

Harter points out that other Michigan courts have reached opposite conclusions. In *Ex–Cell–O,* for example, the court held that a suit "includes any effort to impose on the policyholders a liability ultimately enforceable by a court." *Id.* at 75. This definition, however, does not comport with the plain meaning of the word "suit." The Court in *Ex–Cell–O* noted that insurers are obligated to defend any claim that even arguably comes within the policy coverage. *Ex–Cell–O,* 662 F.Supp. at 75 (citing *Detroit Edison Company v. Michigan Mutual Insurance Company,* 102 Mich.App. 136, 301 N.W.2d 832 (1980)). In *Detroit Edison,* the court stated that there is a duty to defend as long as the allegations against the insured arguably come within the *liability* portion of the policy coverage:

> The duty of the insurer to defend the insured depends upon the allegations in

the complaint of the third party in his or her action against the insured. This duty is not limited to meritorious suits and may even extend to actions which are groundless, false, or fraudulent, so long as the allegations against the insured *even arguably* come within the policy coverage. An insurer has a duty to defend, despite theories of liability asserted against any insured which are not covered under the policy, if there are any theories of recovery that fall within the policy. *Dochod v. Central Mutual Ins. Co.,* 81 Mich.App. 63, 264 N.W.2d 122 (1978). The duty to defend cannot be limited by the precise language of the pleadings. The insurer has the duty to look behind the third party's allegations to analyze whether coverage is possible. *Shepard Marine Construction Co. v. Maryland Casualty Co.,* 73 Mich.App. 62, 250 N.W.2d 541 (1976).

*Detroit Edison,* 102 Mich.App. at 141–42, 301 N.W.2d 832.

Thus the *Detroit Edison* Court did not suggest that anything that arguably resembles a suit must be defended by the insurer. If the Court had made this statement, then it would have departed from well-established Michigan law that unambiguous language must be construed as written. In any event, however, the Court is convinced that a "PRP" letter, in itself, is not even arguably a "suit."

The *Ex–Cell–O* Court also relied on *United States Aviex Co. v. Travelers Insurance Co.,* 125 Mich.App. 579, 336 N.W. 2d 838 (1983), where the Court held that a "suit seeking damages" includes an action filed for injunctive relief. As noted in Black's Law Dictionary, the term "suit" formerly meant only an action filed in equity. Therefore, it is plausible that a court action for injunctive relief could be con-

---

**3.** As noted in *Dextrex,* 681 F.Supp. at 442, n. 4, the word suit cannot be defined without reference to a proceeding in a court of justice. In one legal dictionary, suit is defined as "any proceeding in a court of justice in which plaintiff pursues in such court the remedy which the law affords him." 2 Bouvier's Law Dictionary 558–59 (14th ed. 1876). In another law dictio-

nary, suit is defined as "any proceeding by one person or persons against another or others in a court of justice...." Black's Law Dictionary 1286 (5th ed. 1979). Suit, in this context, has also been defined as an "action or process in a court for the recovery of a right or claim." Webster's New Collegiate Dictionary 1157, definition 2b (1979).

sidered a "suit" seeking damages.[4] At a minimum, however, some court process is required. The fact that the phrase "suit seeking damages" may be ambiguous as between legal and equitable relief does not mean that the phrase can be stretched beyond its reasonable scope to include that which would plainly alter the ordinary meaning of the phrase. For these reasons, the Court finds *Ex–Cell–O* unpersuasive and denies Harter's motion for partial summary judgment.

---

**4.** Courts are divided on issue of whether an action for injunctive relief is a suit seeking damages. *See Verlan, Ltd. v. John L. Armitage & Co.,* 695 F.Supp. 950, 954 (N.D.Ill.1988). This is more difficult question that this Court need not address since the EPA has not commenced any court process, for injunctive relief or damages, against Harter.