*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

HANOVER INSURANCE COMPANY, INC.,

Plaintiff-Appellee,

v

PAUL M. LUBIENSKI,

Defendant-Appellant.

UNPUBLISHED
March 24, 2020

No. 346942
Wayne Circuit Court
LC No. 16-010593-CK

Before: REDFORD, P.J., and CAVANAGH and SERVITTO, JJ.

PER CURIAM.

In this declaratory action, defendant appeals as of right the trial court's order granting summary disposition in favor of plaintiff pursuant to MCR 2.116(C)(8) and (10). We reverse.

This coverage dispute arises under a professional-liability insurance policy issued by plaintiff Hanover Insurance Company, Inc. to defendant Paul M. Lubienski, an attorney. Defendant was sued by Mark Rugiero after Rugiero was disinherited from a trust. Defendant was a beneficiary and a co-trustee of the trust.

We previously addressed the underlying matter in *Rugiero v Lubienski*, unpublished per curiam opinion of the Court of Appeals, issued August 30, 2016 (Docket Nos. 325254, 325257). In that matter, Rugiero alleged two counts: undue influence and tortious interference with inheritance[1]. Although plaintiff originally provided a defense to defendant in that matter, it did so under a reservation-of-rights letter and, eventually, filed this lawsuit seeking an order declaring that plaintiff was not required to defend defendant, that defendant was not entitled to coverage under the policy, and that plaintiff was entitled to reimbursement for the expenses it had incurred in previously defending defendant. In doing so, plaintiff relied on the following "coverage" provision from the policy: "We will pay on your behalf those sums which you become legally

---

[1] The trial court granted defendant partial summary disposition on November 3, 2014, dismissing the tortious interference claim.

-1-

obligated to pay as damages and claim expenses because of any claim made against you arising from a wrongful act in the rendering of or failure to render professional services . . . .”

The policy defines the term “wrongful act” as “any actual or alleged *negligent* act, error, omission or misstatement committed in your professional services . . . .” (Emphasis added.) Emphasizing that the term “wrongful act” was defined to include only negligent, not intentional, conduct, plaintiff argued that defendant was not entitled to coverage in the Rugiero matter because the two claims at issue in that matter alleged only intentional, not negligent, conduct. The trial court agreed and granted plaintiff’s motion. It declined, however, to order defendant to reimburse plaintiff for the expenses it had already incurred in defending the other matter.

On appeal, defendant argues (among other things) that the trial court’s interpretation and application of the policy’s “coverage” provision—specifically, the term “wrongful act” and its definition—requires reversal. We agree.

This Court reviews a trial court’s interpretation and application of an insurance policy de novo. *Twichel v MIC Gen Ins Corp*, 469 Mich 524, 533; 676 NW2d 616 (2004). “[I]nsurance policies are subject to the same contract construction principles that apply to any other species of contract.” *Rory v Continental Ins Co*, 473 Mich 457, 461; 703 NW2d 23 (2005). Consequently, “unless a contract provision violates law or one of the traditional defenses to the enforceability of a contract applies, a court must construe and apply unambiguous contract provisions as written.” *Id*.

“The duty of an insurance company to provide a defense in an underlying tort action depends upon the allegations in the complaint and extends to allegations which ‘even arguably come within the policy coverage.’ ” *Allstate Ins Co v Freeman*, 432 Mich 656, 662; 443 NW2d 734 (1989), quoting *Detroit Edison Co v Mich Mut Ins Co*, 102 Mich App 136, 142; 301 NW2d 832 (1980). While it is true “that an insurer’s duty to defend and indemnify does not depend solely upon the terminology used in a plaintiff’s pleading,” courts are nevertheless bound by “the substance” of the complaint’s allegations. *Id*. at 662-663 (citations omitted). Ultimately, courts “must resolve any doubt pertaining to the duty to defend in favor of the insured.” *Id*. at 662.

The burden of establishing undue influence falls on the party alleging it. See, e.g., *In re Gerald L Pollack Trust*, 309 Mich App 125, 148; 867 NW2d 884 (2015) (“A party contesting a will has the burden of establishing undue influence.”). “To establish undue influence it must be shown that the grantor was subject to threats, misrepresentation, undue flattery, fraud, or physical or moral coercion sufficient to overpower volition, destroy free agency, and impel the grantor to act against the grantor’s inclination and free will.” *In re Estate of Erickson*, 202 Mich App 329, 331; 508 NW2d 181 (1993). To prevail on a claim of undue influence, a party must present “affirmative evidence that [undue influence] was exercised[.]” *Id*. “Motive, opportunity, or even ability to control . . . is not sufficient.” *Id*. A presumption of undue influence occurs when evidence is introduced that would establish “(1) the existence of a confidential or fiduciary relationship between the grantor and a fiduciary, (2) the fiduciary, or an interest represented by the fiduciary, benefits from a transaction, and (3) the fiduciary had an opportunity to influence the grantor’s decision in that transaction.” *Id*.

In the "undue influence" count of Rugiero's complaint, Rugiero alleged that defendant had a fiduciary relationship with the grantor, impermissibly "influence[d]" the grantor, and benefited from his own "actions or inactions." That count does not specify defendant's purported intent at the time. While the complaint does include an explicit allegation that defendant "intentionally" interfered with the plaintiff's inheritance expectancy, that allegation is tied to Rugiero's dismissed claim of tortious interference with inheritance. Nowhere in the general allegations of the complaint or within the undue influence claim, specifically, is any mention of an intentional act on defendant's part that amounted to undue influence. This omission is significant, given that undue influence can be shown through unintentional (i.e., negligent) acts such as misrepresentation or undue flattery as well as through intentional acts such as threats, or physical or moral coercion. *In re Estate of Erickson*, 202 Mich App at 331. Because there was no allegation by plaintiff that defendant had a specific intent to unduly influence the decedent or undertook a specific intentional action to do so, the trial court erred in holding that the allegations in the complaint in the Rugiero matter did not, as a matter of law, come within the definition of a "wrongful act" set forth in the insurance policy. In light of this conclusion, it is not necessary for us to address defendant's remaining arguments on appeal, and we decline to do so.

Reversed and remanded for proceedings not inconsistent with this opinion.

/s/ James Robert Redford
/s/ Mark J. Cavanagh
/s/ Deborah A. Servitto

-3-