JONESVILLE PRODUCTS, INC v TRANSAMERICA INSURANCE
GROUP

Docket No. 86746. Submitted April 15, 1986, at Lansing. Decided
December 2, 1986. Leave to appeal applied for.

Plaintiff, Jonesville Products, Inc., filed a complaint in the Hills-
dale Circuit Court seeking a declaratory judgment that defen-
dant, Transamerica Insurance Group, had a duty to defend
plaintiff, under a contract of insurance between plaintiff and
defendant, in an action brought against the plaintiff by Gayle
and Mary Alice Lape in which the Lapes alleged damages
resulting from the plaintiff's discharge of Trichlorethylene onto
its property. The trial court, Harvey W. Moes, J., granted
defendant's motion for summary disposition after finding that
defendant had no duty to defend as a result of a pollution
exclusion contained in the policy. Plaintiff appeals.

The Court of Appeals *held:*

1. The circuit court erred in finding that the allegation of
continuous negligent discharge of waste onto Jonesville's prop-
erty took Count i of the Lapes' complaint out of defendant's
exception for the sudden and accidental release of contami-
nants.

2. It was defendant's duty to undertake the defense because
the Lapes' complaint against plaintiff contained allegations
which could support a recovery covered by the policy.

Reversed and remanded for an order of summary disposition
for the plaintiff.

INSURANCE — DUTY TO DEFEND.

The duty of an insurer to defend its insured depends upon the
allegations in the complaint of the third party in his action
against the insured; whether a defendant can obtain a defense
from his insurer must depend not on the caprice of the third
party's draftsmanship, nor the limits of his knowledge, but on a
potential shown in the complaint that the facts ultimately

REFERENCES

Am Jur 2d, Insurance §§ 1405 *et seq.*

Allegations in third person's action against insured as determining
liability insurer's duty to defend. 50 ALR2d 458.

proved come within the coverage; it is the insurer's duty to look behind the third party's allegations to analyze whether coverage is possible.

*Holahan, Malloy, Maybaugh & Monnich* (by *John R. Monnich*), for plaintiff.

*Stanton, Bullen, Nelson, Moilanen & Klaasen, P.C.* (by *Charles A. Nelson*), for defendant.

Before: ALLEN, P.J., and MACKENZIE and J. P. SWALLOW,* JJ.

J. P. SWALLOW, J. Plaintiff appeals from the trial court's grant of summary disposition to defendant, MCR 2.116(C)(10), on plaintiff's claim for a declaratory judgment that defendant had a duty to defend plaintiff under a contract of insurance between plaintiff and defendant. We reverse.

Gayle and Mary Alice Lape filed a complaint against plaintiff alleging that plaintiff, which operated its business on property adjacent to the Lapes', had permitted continuous discharge of Trichlorethylene (TCE) onto its property, resulting in contamination of the Lapes' soil, contamination of its well water, and possible physical harm to the Lapes.

When defendant refused to represent plaintiff under plaintiff's policy of insurance with defendant, plaintiff filed a complaint for a declaratory judgment that defendant had a duty to defend. Defendant answered and filed a motion for summary disposition, contending that the pollution exclusion provision in its policy freed it from any duty to defend. That exclusion, included in the policy and submitted with defendant's motion, provides:

---

* Circuit judge, sitting on the Court of Appeals by assignment.

> This insurance does not apply . . . to bodily injury or property damage arising out of the discharge, dispersal, release or escape of smoke, vapors, soot, fumes, acids, alkalis, toxic chemicals, liquids or gases, waste materials or other irritants, contaminants or pollutants into or upon land, the atmosphere or any water course or body of water; but this exclusion does not apply if such discharge, dispersal, release or escape is sudden and accidental.

Plaintiff countered with its own motion for summary disposition alleging that defendant had a duty to defend under the "sudden and accidental" exception to the pollution exclusion. Plaintiff's motion was supported by the affidavit of its vice-president averring that since November 19, 1980, plaintiff had disposed of all TCE by state-approved disposal companies. The affiant further claimed that he had no knowledge of prior complaints from authorities or private parties made to plaintiff regarding dumping or spillage from any cause of TCE on plaintiff's property.

The trial court found that the pollution exclusion provision relieved defendant of a duty to defend. The trial court concluded that the Lapes' allegation that the discharge of TCE had been "continuous" precluded a finding that defendant had a duty to defend under the "sudden and accidental" discharge exception to the exclusion.

In *Detroit Edison Co v Michigan Mutual Ins Co,* 102 Mich App 136; 301 NW2d 832 (1980), this Court described an insurer's duty to defend:

> The duty of the insurer to defend the insured depends upon the allegations in the complaint of the third party in his or her action against the insured. This duty is not limited to meritorious suits and may even extend to actions which are

groundless, false, or fraudulent, so long as the allegations against the insured *even arguably* come within the policy coverage. An insurer has a duty to defend, despite theories of liability asserted against any insured which are not covered under the policy, if there are any theories of recovery that fall within the policy. *Dochod v Central Mutual Ins Co,* 81 Mich App 63; 264 NW2d 122 (1978). The duty to defend cannot be limited by the precise language of the pleadings. The insurer has the duty to look behind the third party's allegations to analyze whether coverage is possible. *Shepard Marine Construction Co v Maryland Casualty Co,* 73 Mich App 62; 250 NW2d 541 (1976). In a case of doubt as to whether or not the complaint against the insured alleges a liability of the insurer under the policy, the doubt must be resolved in the insured's favor. 14 Couch on Insurance 2d, § 51:45, p 538. [102 Mich App at 141-142.]

In the present case, the Lapes' Count I laid out the factual allegations supporting their claim against the plaintiff:

6. Upon information and belief, the Defendant employed the use of Trichlorethylene, hereinafter referred to as TCE, and other toxic chemicals in their ongoing enterprise.

7. By employing the use of the dangerous chemical, TCE, the Defendant owed a duty to the Plaintiffs to exercise due care and caution in the use of the TCE and other highly toxic chemicals and the discharge of same.

8. Defendant negligently discharged the TCE and other highly toxic chemicals onto its property and the TCE subsequently encroached upon Plaintiffs' property.

* * *

10. The pollution and contamination of Plaintiffs' water has been continuous and there is a great likelihood that the contamination and pollution will continue into the future.

The circuit court judge found that the Lapes' complaint alleged "general dumping by usage." Because there was no allegation or evidence that there was "sudden or accidental dumping," the court determined defendant had no duty to defend.

We find that the circuit court failed to distinguish between the frequency of acts which resulted in the release of contaminants and plaintiff's knowledge or notice of the release of pollutants as a result of those acts. The Lapes did not specify in their complaint how the toxic wastes entered the ground. There may have been either intentional dumping or burial, unintentional spills or leaks from inadequate containers, or other accidents. The allegations in Count I are couched in general terms and encompass unintentional release into the ground.

The pollution exclusion focuses on the *release* of pollutants:

> This insurance does not apply . . . to bodily injury or property damage arising out of the *discharge, dispersal, release* or *escape . . . into or upon land, . . .*; but this exclusion does not apply if such discharge, dispersal, release or escape is sudden and accidental.

The circuit court erred in finding that the allegation of "continuous" negligent discharge of waste onto Jonesville's property took Count I of the Lapes' complaint out of defendant's exception for "sudden and accidental" release. It is possible that the releases could have been sudden, i.e., unexpected, and accidental, i.e., unintended, and thus outside the exclusion. Plaintiff's affiant swore that plaintiff had no knowledge of prior complaints regarding dumping or spillage.

The fact that a third party complainant has

drafted his complaint in general terms should not work to the detriment of an insured. A defendant has no power to amend a complaint which contains an incomplete statement of facts. Whether a defendant can obtain a defense from his insurer must depend not on the caprice of the third party's draftsmanship, nor the limits of his knowledge, but on a potential shown in the complaint that the facts ultimately proved come within the coverage. *Detroit Edison, supra.* It is the *insurer's* duty to look behind the third party's allegations to analyze whether coverage is possible. *Id.* See, e.g., *Kangas v Aetna Casualty & Surety Co,* 64 Mich App 1; 235 NW2d 42 (1975), lv den 395 Mich 787 (1975); *Montgomery v Hawkeye Security Ins Co,* 52 Mich App 457; 217 NW2d 449 (1974), lv den 392 Mich 769 (1974).

Because the Lapes' complaint against plaintiff contained allegations which could support a recovery covered by the policy, it was the duty of defendant to undertake the defense until it could confine the claim to a recovery that the policy did not cover. Summary disposition in favor of defendant should not have been granted.

The motion for summary disposition filed by plaintiff should have been granted and the matter is reversed and remanded for entry of an order accordingly.