**FIREMAN'S FUND INSURANCE COMPANIES and American Insurance Company, Plaintiffs,**

v.

**EX–CELL–O CORPORATION, et al., Defendants.**

**EX–CELL–O CORPORATION, et al., Third–Party Plaintiffs,**

v.

**AIU INSURANCE COMPANY (successor to American International Insurance Company), et al., Third–Party Defendants.**

Civ. A. No. 85–71371.

United States District Court, E.D. Michigan, S.D.

May 18, 1987.

Order Granting Partial Summary Judgment July 31, 1987.

Order Vacating Grant of Partial Summary Judgment Sept. 8, 1987.

Opinion on Motion for Immediate Appeal Nov. 13, 1987.

Rivkin, Radler, Dunne & Bayh by Jeffrey Silberfeld, Uniondale, N.Y., on behalf of American Ins. Co.

Hill, Lewis, Adams, Goodrich & Tait by Robert B. Webster, Richard C. Sanders, Detroit, Mich. (Anderson, Russell, Kill & Olick, P.C., Nicholas J. Zoogman by Eugene R. Anderson, Avraham C. Moskowitz, Steven P. Vincent, New York City, of counsel), on behalf of Ex–Cell–O, McCord & Davidson.

Jerome C. Gropman & Associates by Raymond I. Foley, Birmingham, Mich., Robins, Zelle, Larson & Kaplan by Paul L. Gingras, Thomas L. Hamlin, Minneapolis, Minn., on behalf of Wausau Ins. Co.

Gofrank & Kelman by Barry M. Kelman, Southfield, Mich. (Dickinson, Wright, Moon, Van Dusen & Freeman by H.G. Sparrow, III, Detroit, Mich., of counsel), on behalf of Travelers.

Harvey, Kruse, Westen & Milan, P.C. by Paul S. Koczkur, Detroit, Mich., for Integrity Ins. Co.

Simon, Deitch, Tucker & Friedman by Peter B. Kupelian, Southfield, Mich., for Zurich Am. Ins. Co.

Leonard B. Schwartz, Southfield, Mich., for Royal Indem.

Buchalter, Nemer, Fields, Chrystie & Younger by Deborah A. Pitts, Robert A. Zeavin, Los Angeles, Cal., and Kerr, Russell & Weber by James R. Case, Detroit, Mich., for AIU Ins. Co. and Highland Ins. Co.

Charles C. Cheatham, Detroit, Mich., for American Employers Ins. Co.

Sullivan, Ward, Bone, Tyler, Fiott & Asher by David M. Tyler, Detroit, Mich., and Pretzel & Stouffer by Samuel B. Issacson, Chicago, Ill., for Prudential Re–Insurance Co.

Garan, Lucow, Miller, Seward, Cooper & Becker, P.C. by Thomas F. Myers, Detroit, Mich., and Lord, Bissell & Brook by Andrea

Sykes Foote, Chicago, Ill., for "Certain Underwriters at Lloyd's, London, and London Market Ins. Co."

Kitch, Saurbier, Drutchas, Wagner & Kenney by Stephen M. Kelley, Detroit, Mich., Adams, Duque & Hazeltine by Mitchell L. Lathrop, San Diego, Cal., for St. Paul Fire & Marine Ins. Co.

Miller, Canfield, Paddock & Stone by Michael W. Hartmann, Detroit, Mich., and Crinker, Biddle & Reath by Timothy C. Russell, Wilson M. Brown, III, Patricia A. Gotschalk, Washington, D.C., for Am. Motorists, Am. Manu. Mut., Lumbermen's Mut.

Cummings, McClorey, Davis & Acho by Bernard P. McClorey, Ronald G. Acho, T. Joseph Steward, Livonia, Mich., for Hartford Acc. & Indem. Ins. Co.

Pepper, Hamilton & Scheetz by Scott L. Gorland, Claudia V. Babiarz, Detroit, Mich., Siff, Newman, Rosen & Parker by Stephen Jacobs, New York City, for First State Ins. Co., New England Reinsurance Corp.

Martin, Bacon & Martin, P.C. by James N. Martin, Thomas G. McHugh, Victor Van Kamp, Mt. Clemens, Mich., for Pacific Employers Ins. Co.

Deneberg, Tuffley, Bocan, Jamieson, Black, Hopkins & Ewald by William Jamieson, David Bocan, Southfield, Mich., for Northbrook Excess and Surplus Ins. Co. ("NESCO") n/k/a Allstate Ins. Co.

Highland & Currier, P.C. by J.R. Zanetti, Jr., Southfield, Mich., for Transport Indem. Co.

## MEMORANDUM OPINION

FEIKENS, District Judge.

Ex–Cell–O Corporation ("Ex–Cell–O"), its subsidiary McCord Gasket Corporation ("McCord"), and McCord's subsidiary Davidson Rubber Company ("Davidson") ("policyholders") move for partial summary judgment declaring the duty of Fireman's Fund Insurance Companies ("Fireman's Fund"), Wausau Insurance Companies ("Wausau"), and Zurich Insurance Company ("Zurich") ("primary insurers" or "insurers")[1] to defend the policyholders against potential liability for allegedly contributing to environmental contamination at twenty-two locations. I have jurisdiction pursuant to 28 U.S.C. § 1332.

Each site requires clean-up of environmental damage. The critical question is who will pay for the work. Congress addressed the question in the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. §§ 9601–9657, which authorizes administrative and judicial proceedings to effect clean-up of contaminated sites and to compel contributions to the cost of clean-up by owners and operators of the sites, and by generators of materials dumped at the sites. Some states have enacted similar legislation.

At least one government agency has taken or is contemplating action pursuant to these statutes at each site. The policyholders have received written notice, familiarly known as a "PRP letter," from a government agency that considers them potentially responsible for contamination at sixteen sites.[2] From the owner or operator of four other sites, the policyholders have received written notice that an agency has taken action, and that the owner or operator considers the policyholders potentially responsible.[3] The policyholders expect imminent agency action at one site.[4] Finally, for one site, the policyholders are third-party de-

---

1. The policyholders have settled with Travelers Insurance Company.

2. The sites are: Alburn, Cardinal, Charles George, City Chemical, Clare, Davidson, Enviro-Chem, Keefe, Liquid Disposal, Pagel's, Re–Solve, Silresim, Springfield, Wayne, Cannons–Bridgewater, and Cannons–Plymouth.

3. The sites are: QuVoe, Tinkham Garage, Union, and Kingston.

4. The site is Dover landfill. Stuart Affidavit, Exhibit O. Interestingly, Fireman's Fund alleges that the policyholders received a PRP letter for this site, and the policyholders' answer admits the allegation. First Amended Complaint at ¶ 47; Policyholders' Answer to First Amended Complaint at ¶ 31 (admitting ¶ 47 of the First Amended Complaint).

fendants in a federal court action.[5]

The policyholders seek a defense at each site. The insurers deny coverage. The insurers on the risk during the time the policyholders allegedly used each site are:

| Site | Alleged Use | Insurer |
|---|---|---|
| Alburn | 1982 | Fireman's Fund |
| Cannons–Bridge-water* | 9/74–6/78 | Wausau |
| Cannons–Plym-outh* | 9/74–6/78 | Wausau |
| Cardinal* | 1965–1969 | Travelers |
|  | 1970–1978 | Wausau |
|  | 1979–1985 | Fireman's Fund |
|  | 1986–present | No known insurer |
| Charles George* | 2/77–12/78 | Wausau |
|  | 1/79–8/79 | Fireman's Fund |
| City Chemical | 12/81 | Fireman's Fund |
| Clare | 1966–1983 | Fireman's Fund |
| Conservation* | 8/75 | Wausau |
| Davidson* | 1967–1969 | Travelers |
|  | 1970–1978 | Wausau |
|  | 1979–1985 | Fireman's Fund |
|  | 1986–present | No known insurer |
| Dover* | 1955–1961 | No known insurer |
|  | 1962–1969 | Travelers |
|  | 1970–1978 | Wausau |
| Enviro–Chem | 8/21/81 & 12/1/81 | Fireman's Fund |
| Keefe* | 1/14/77–12/31/78 | Wausau |
|  | 1/1/79–1/31/81 | Fireman's Fund |
| Kingston (Ottati & Goss)* | 1965–1969 | Travelers |
|  | 1970–1976 | Wausau |
| Liquid Disposal | 1979–1981 | Fireman's Fund |
| Pagel's | 1/79–8/83 | Fireman's Fund |
| QuVoe | 1983 | Fireman's Fund |
| Re–Solve | 3/80–10/80 | Fireman's Fund |
| Silresim* | 2/74–9/74 & 2/75 | Wausau |
| Springfield | 4/12/65–11/30/65 | Zurich |
|  | 12/1/65–7/31/67 | Fireman's Fund |
| Tinkham Garage* | 1978 | Wausau |
| Union Chemical | 1981–1984 | Fireman's Fund |
| Wayne | 4/80–12/82 | Fireman's Fund |

Asterisked sites involve alleged dumping by McCord or Davidson prior to Ex–Cell–O's purchase of the companies in 1978. Ex–Cell–O contends that its own insurance policies, as well as the policies issued separately to McCord and Davidson, cover these sites, but it does not test this claim on its motion for partial summary judgment. Accordingly, the asterisked sites identify only the separate insurer for McCord or Davidson.

■ The policyholders purchased comprehensive general liability policies that define the insurers' duty to defend broadly. Fireman's Fund and Wausau use identical language:

> [T]he Company shall have the right and duty to defend any such suit against the insured seeking damages on account of such bodily injury or property damage, even if any of the allegations of the suit are groundless, false or fraudulent, and

may make such an investigation and settlement of any claim or suit as it deems expedient....

The Zurich policy is only slightly different:

> [T]he company shall ... defend any such suit against the insured alleging such injury, sickness, disease or destruction and seeking damages on account thereof, even if such suit is groundless, false or fraudulent; but the company may make such investigation, negotiation and settlement of any claim or suit as it deems expedient....

The language obligates the insurers to defend any claim against the policyholders "so long as the allegations against the insured *even arguably* come within the policy coverage." *The Detroit Edison Company v. Michigan Mutual Insurance Company,* 102 Mich.App. 136, 142, 301 N.W.2d 832 (1980) (emphasis original).

The insurers claim they have no duty to defend the environmental claims until the policyholders become defendants in a traditional lawsuit for money damages. The insurers construe their policies too narrowly: coverage does not hinge on the form of action taken or the nature of relief sought, but on an actual or threatened use of legal process to coerce payment or conduct by a policyholder. In *United States Aviex Company v. Travelers Insurance Company,* 125 Mich.App. 579, 586, 336 N.W.2d 838 (1983), an insured won judgment declaring its insurer's duty to defend based only on "threats of legal action" by the Michigan Department of Natural Resources. Later, the Michigan Attorney General filed a court action seeking an injunction directing the insured to clean up a chemical spill at its own expense. *United States Aviex,* 125 Mich.App. at 588, 336 N.W.2d 838. The court of appeals affirmed judgment against the insurer even though the Attorney General's suit sought only injunctive relief:

> It is merely fortuitous ... that the state has chosen to have plaintiff remedy the contamination problem, rather than choosing to incur the costs of clean-up itself and then suing plaintiff to recover those costs.

**5.** The site is Conservation Chemical.

*United States Aviex*, 125 Mich.App. at 590, 336 N.W.2d 838. Accordingly, I hold that a "suit" includes any effort to impose on the policyholders a liability ultimately enforceable by a court, and that "damages" include money spent to clean up environmental contamination.

■ The insurers also argue that the exclusion for damages to property owned by the policyholders precludes coverage.[6] I hold that the exclusion does not preclude coverage because the claims at sites owned by the policyholders include property damage to adjoining landowners and to the public. *See United States Aviex*, 125 Mich. App. at 590–92, 336 N.W.2d 838 (coverage for damage to water beneath insured's property not precluded by the insured's property exclusion). *Cf. Continental Insurance Companies v. Northeastern Pharmaceutical and Chemical Company, Inc.*, 811 F.2d 1180, 1187 (8th Cir.1987) (" [R]elease of toxic wastes may cause 'property damage' not only to the actual owner of the land, water, or air, but also to the state and federal governments....").

■ Wausau and Fireman's Fund also deny coverage because of a pollution exclusion contained in some of their policies:[7]

This insurance does not apply ... to bodily injury or property damage arising out of the discharge, dispersal, release or escape of smoke, vapors, soot, fumes, acids, alkalis, toxic chemicals, liquids or gases, waste materials or other irritants, contaminants or pollutants into or upon the land, the atmosphere or any water course or body of water; but this exclusion does not apply if such discharge, dispersal, release or escape is sudden and accidental....

Application of the pollution exclusion depends exclusively upon the process by which pollutants entered the environment. *See Jonesville Products, Inc. v. Transamerica Insurance Group*, 156 Mich.App. 508, 512, 402 N.W.2d 46 (1986) ("The pollution exclusion focuses on the *release* of pollutants....") (emphasis original). The decisive inquiry is not whether the policyholders anticipated property damage, or whether they regularly disposed of hazardous waste, but whether the pollutants entered the environment unexpectedly and unintentionally:[8]

We find that the circuit court [in holding that the insurer had no duty to defend] failed to distinguish between the frequency of acts which resulted in the release of contaminants and plaintiff's [insured's] knowledge or notice of the release of pollutants as a result of those acts. The ... [underlying complaint] did not specify ... how the toxic wastes entered the ground. There may have been either intentional dumping or burial, unintentional spills or leaks from inadequate containers, or other accidents. The allegations ... are couched in general terms and encompass unintentional release into the ground.

"[O]ccurrence" means an accident, including continuous or repeated exposure to conditions, which results in bodily injury or property damage neither expected nor intended from the standpoint of the insured....

Application of this definition hinges upon whether the policyholders expected or intended property damage. *See American States Insurance Company v. Maryland Casualty Co.*, 587 F.Supp. 1549, 1552–54 (E.D.Mich.1984) (Gilmore, J.) (occurrence policy provides no coverage for property damage caused by the insured's regular business practice of illegally dumping toxic wastes). An occurrence policy containing a pollution exclusion covers property damage caused by pollution only if both the property damage and the release of pollutants is unexpected and unintended.

---

6. Wausau and Fireman's Fund policies provide:
   This insurance does not apply ... to property damage to (1) property owned or occupied by or rented to the insured, (2) property used by the insured, or (3) property in the care, custody or control of the insured or as to which the insured is for any purpose exercising physical control....
   The Zurich policy similarly provides:
   This policy does not apply ... to injury or destruction of (1) property owned or occupied by or rented to the insured....

7. The pollution exclusion is part of every Wausau policy effective on or after January 1, 1972. It is part of every Fireman's Fund policy effective on or after November 30, 1973.

8. The policies containing pollution exclusions generally cover any property damage caused by an occurrence:

. . . .

The circuit court erred in finding that the allegation of "continuous" negligent discharge of waste . . . took [the underlying complaint] . . . out of defendant's [insurer's] exception for "sudden and accidental" release. It is possible that the releases could have been sudden, *i.e.,* unexpected, and accidental, *i.e.,* unintended, and thus outside the exclusion.

*Jonesville,* 156 Mich.App. at 512, 402 N.W. 2d 46.

Application of this standard requires additional facts. Fireman's Fund and Wausau may not rely on the pollution exclusion to deny a defense until they are able to establish on a motion for summary judgment or at trial that the release of pollutants was expected or intended. *See Jonesville,* 156 Mich.App. at 513, 402 N.W. 2d 46 ("[I]t was the duty of defendant [insurer] to undertake the defense until it could confine the claim to a recovery that the policy did not cover."); *Detroit Edison,* 102 Mich.App. at 142, 301 N.W.2d 832 (insurer liable for defense as long as claims against the policyholders even arguably fall within the policy).

■ Finally, the parties dispute the appropriate trigger of coverage. The policies cover occurrences within the policy period. I hold that each exposure of the environment to a pollutant constitutes an occurrence and triggers coverage. *See Continental Insurance,* 811 F.2d at 1189 ("We . . . adopt the majority view that environmental damage occurs at the moment that hazardous wastes are improperly released."). This holding parallels the rule established in the analogous situation of insurance coverage for asbestos claims. *Insurance Company of North America v. Forty–Eight Insulations, Inc.,* 451 F.Supp. 1230 (E.D.Mich.1978) (Feikens, J.), *aff'd,* 633 F.2d 1212 (6th Cir.1980), *clarified on reh'g,* 657 F.2d 814 (1981), *cert. denied,* 454 U.S. 1109, 102 S.Ct. 686, 70 L.Ed.2d 650 (1981). *See also Continental Insurance,* 811 F.2d at 1190 (noting analogy between coverage issues in asbestos and environmental litigation).

The policyholders allegedly exposed the sites to pollutants during the periods recorded earlier in this opinion. An insurer on the risk during the period of alleged exposure is liable for the policyholders' defense in the proportion that the period it was on the risk bears to the total period of alleged exposure. *See Forty–Eight Insulations,* 451 F.Supp. at 1244. The policyholders must bear their own pro rata share of costs for any period during which they had no coverage or cannot identify the insurer. *Id.*

Accordingly, the policyholders' motion for partial summary judgment is granted.

An appropriate order may be submitted.

### ORDER GRANTING PARTIAL SUMMARY JUDGMENT

This matter came up for hearing on the motion of Ex–Cell–O Corporation, McCord Gasket Corporation, and Davidson Rubber Company ("policyholders") for partial summary judgment declaring and enforcing the duty of Fireman's Fund Insurance Companies, Wausau Insurance Companies, and Zurich Insurance Company ("primary insurers") to defend environmental claims at twenty-two (22) sites. Having considered the written and oral arguments of the parties, and in accordance with the Memorandum Opinion (May 18, 1987) granting the policyholders' motion, IT IS ORDERED:

1) that a primary insurer is obligated to defend the policyholder(s) against any claim or suit at any site allegedly used by the policyholder(s) during the period the primary insurer was on the risk, and to bear the costs of defense in the proportion that the period it was on the risk bears to the total period of the policyholder's(s') alleged use of the site;

2) that the policyholder(s) bear the pro rata costs of the defense of any claim or suit at any site for any period of the policyholder's(s') alleged use during which the policyholder(s) had no coverage or cannot identify the insurer; and

3) that a primary insurer's obligation to defend shall continue until the further order of this Court.

## ORDER VACATING GRANT OF PARTIAL SUMMARY JUDGMENT

### IT IS HEREBY ORDERED:

1. The Court's Order dated July 31, 1987 granting partial summary judgment in favor of Ex–Cell–O Corporation, McCord Gasket Corporation and Davidson Rubber Company ("the Policyholders") is hereby vacated, subject to reentry at the request of any party made at or after the November 5, 1987 status conference.

2. The motion of Defendant Wausau Insurance Companies and Plaintiffs Fireman's Fund Insurance Companies and American Insurance Company for immediate appeal pursuant to 28 U.S.C. § 1292(b) shall be held in abeyance until November 5, 1987.

3. A status conference will be held on November 5, 1987 at 1:30 p.m., at the Court's chambers, Room 722, United States Courthouse, Detroit, Michigan.

4. The Parties shall exchange proposals for conducting discovery in this case on or before October 22, 1987.

5. Further discovery and all other proceedings herein are stayed until November 5, 1987. Notwithstanding the foregoing, any party may file and serve motions prior to November 5, 1987, but no other party shall be required to file and serve responsive papers prior to November 5, 1987, and at the November 5 status conference the Court will establish a briefing schedule with respect to all outstanding motions.

6. The Policyholders shall be permitted to submit to the primary insurance carriers on or before October 22, 1987 detailed statements of the defense costs incurred to date.

## MEMORANDUM OPINION AND ORDER

## ON MOTION FOR IMMEDIATE APPEAL

■ This is an action for a declaratory judgment regarding the liability of several insurance companies for environmental contamination allegedly caused by defendant policyholders. On May 18, 1987, I filed a Memorandum Opinion in which I granted defendants' motion for partial summary judgment and held that the insurers have a duty to defend "suits" against the policyholders involving claims of liability for environmental contamination at twenty-two (22) sites. *See Fireman's Fund Ins. Companies v. Ex–Cell–O Corp.*, 662 F.Supp. 71 (E.D.Mich.1987), *enforced by Fireman's Fund Ins. Companies v. Ex–Cell–O Corp.*, No. 85–71371, order (E.D.Mich. July 31, 1987), *vacated by* order (E.D.Mich. Sept. 8, 1987), *reinstated by* order (E.D.Mich. Nov. 6, 1987).

As to the majority of sites, the policyholders have received notice of out-of-court federal agency actions against them requiring clean-up of environmental damage. The policyholders are named defendants in a court action for alleged pollution as to one site only. *See Fireman's Fund*, 662 F.Supp. 71 at 73–74. I held that "a 'suit' includes any effort to impose on the policyholders a liability ultimately enforceable by a court." Id. at 75. Therefore, the agency actions are "suits" and the insurers have a duty to defend the policyholders against such suits.

Several of the major insurers now move for immediate appeal, pursuant to 28 U.S. C. Section 1292(b), of, *inter alia*, my holding that the definition of a suit includes the federal agency actions taken here.

Section 1292(b) requires a district judge to state that an order, not otherwise appealable, is appealable if the following two (2) conditions are met: First, that the order "involves a controlling question of law as to which there is substantial ground for difference of opinion"; and second, that immediate appeal "may materially advance the ultimate termination of the litigation".

As to the first condition, I note that my brother, the Honorable William Thomas, wrote, in *Detrex Chemical Industries, Inc. v. Employers Insurance of Wausau*, 681 F.Supp. 438, 448–50 (N.D.Ohio 1987), that the kinds of agency actions taken here should not be considered "suits" and should not trigger an insurer's duty to defend.

The insurers here argue that the disparity between Judge Thomas' opinion and mine evidences a "substantial ground for difference of opinion" on the issue. They argue also that resolution of the issue on immediate appeal might obviate the need for further proceedings here.

I disagree. First, while there are disparate judicial approaches to the definition of a "suit", the definition that the insurers urge would provide an incentive for policyholders to ignore agency requests and force court actions against them so as to prompt their insurer's(s') duty to defend.

Second, I am not convinced that immediate review of the issue might end the dispute between the parties here. Even if the United States Court of Appeals for the Sixth Circuit were to reverse my holding on the definition of a suit, the same dispute between the parties would survive if any other party (including the federal government) decided to bring a lawsuit against the policyholders. Judge Thomas intimated this view by saying, in *Detrex*, that he "declined *at this stage* of the environmental matters considered ... to require Wausau to defend Detrex." Id. at 449 (emphasis supplied).

Although I decline to certify an immediate appeal in this action, I have no difficulty with any attempt by the insurers to petition the Court of Appeals for immediate review. Any such review would not impede proceedings here so long as the proceedings are not stayed.

For the reasons set forth above, the Motion For Immediate Appeal by Plaintiffs Fireman's Fund Insurance Companies and American Insurance Company, and Third-Party Defendants Wausau Insurance Companies and Zurich Insurance Company is DENIED.

IT IS SO ORDERED.