**FIREMAN'S FUND INSURANCE COMPANIES and American Insurance Company, Plaintiffs,**

v.

**EX–CELL–O CORPORATION, et al., Defendants.**

**EX–CELL–O CORPORATION, et al., Third–Party Plaintiffs,**

v.

**AIU INSURANCE COMPANY (successor to American International Insurance Company), et al., Third–Party Defendants.**

Civ. A. No. 85–71371.

United States District Court, E.D. Michigan, S.D.

Nov. 13, 1987.

Rivkin, Radler, Dunne & Bayh by Jeffrey Silberfeld, Uniondale, N.Y., for American Ins. Co.

Hill, Lewis, Adams, Goodrich & Tait by Robert B. Webster, Richard C. Sanders, Detroit, Mich., for Ex–Cell–O, McCord & Davidson; Anderson, Russell, Kill & Olick, P.C., Nicholas J. Zoogman by Eugene R. Anderson, Avraham C. Moskowitz, Steven P. Vincent, New York City, of counsel.

Jerome C. Gropman & Associates by Raymond I. Foley, Birmingham, Mich., Robins, Zelle, Larson & Kaplan by Paul L. Gingras, Thomas L. Hamlin, Minneapolis, Minn., for Wausau Ins. Co.

Gofrank & Kelman by Barry M. Kelman, Southfield, Mich., for Travelers; Dickinson, Wright, Moon, Van Dusen & Freeman by H.G. Sparrow, III, Detroit, Mich., of counsel.

Harvey, Kruse, Westen & Milan, P.C. by Paul S. Koczkur, Detroit, Mich., for Integ-

rity Ins. Co., Mission Ins. Co. and Mission Nat.

Simon, Deitch, Tucker & Friedman by Peter B. Kupelian, Southfield, Mich., for Zurich Am. Ins. Co.

Leonard B. Schwartz, Southfield, Mich., for Royal Indem.

Buchalter, Nemer, Fields, Chrystie & Younger by Deborah A. Pitts, Robert A. Zeavin, Los Angeles, Cal., and Kerr, Russell & Weber by James R. Case, Detroit, Mich., for AIU Ins. Co. and Highland Ins. Co.

Charles C. Cheatham, Detroit, Mich., for American Employers Ins. Co.

Sullivan, Ward, Bone, Tyler, Fiott & Asher by David M. Tyler, Detroit, Mich., and Pretzel & Stouffer, Chtd. by Samuel B. Issacson, Chicago, Ill., for Prudential Re-Insurance Co.

Garan, Lucow, Miller, Seward, Cooper & Becker, P.C. by Thomas F. Myers, Detroit, Mich., and Lord, Bissell & Brook by Andrea Sykes Foote, Chicago, Ill., for "Certain Underwriters at Lloyd's, London, and London Market Ins. Co."

Kitch, Saurbier, Drutchas, Wagner & Kenney by Stephen M. Kelley, Detroit, Mich., Adams, Duque & Hazeltine by Mitchell L. Lathrop, San Diego, Cal., for St. Paul Fire & Marine Ins. Co.

Kerr, Russell & Weber by James R. Case, Detroit, Mich., Adams, Duque & Hazeltine by Mitchell L. Lathrop, San Diego, Cal., for Federal Ins. Co.

Miller, Canfield, Paddock & Stone by Michael W. Hartmann, Detroit, Mich., and Crinker, Biddle & Reath by Timothy C. Russell, Wilson M. Brown, III, Patricia A. Gotschalk, Washington, D.C., for Am. Motorists, Am. Manu. Mut. Lumbermen's Mut.

Cummings, McClorey, Davis & Acho by Bernard P. McClorey, Ronald G. Acho, T. Joseph Steward, Livonia, Mich., for Hartford Acc. & Indem. Ins. Co.

Pepper, Hamilton & Scheetz by Scott L. Gorland, Claudia V. Babiarz, Detroit, Mich., Siff, Newman, Rosen & Parker by Stephen Jacobs, New York City, for First State Ins. Co., New England Reinsurance Corp.

Martin, Bacon & Martin, P.C. by James N. Martin, Thomas G. McHugh, Victor Van Kamp, Mt. Clemens, Mich., for Pacific Employers Ins. Co.

Deneberg, Tuffley, Bocan, Jamieson, Black, Hopkins & Ewald by William Jamieson, David Bocan, Southfield, Mich., for Northbrook Excess and Surplus Ins. Co. ("NESCO") n/k/a Allstate Ins. Co.

Highland & Currier, P.C. by J.R. Zanetti, Jr., Southfield, Mich., for Transport Indem. Co.

## MEMORANDUM OPINION AND ORDER

FEIKENS, District Judge.

This is an action for a declaratory judgment regarding the liability of several insurance companies for environmental contamination allegedly caused by defendant policyholders. On May 18, 1987, I filed a Memorandum Opinion in which I granted defendants' motion for partial summary judgment and held that the insurers have a duty to defend "suits" against the policyholders involving claims of liability for environmental contamination at twenty-two (22) sites. *See Fireman's Fund Ins. Companies v. Ex–Cell–O Corp.*, 662 F.Supp. 71 (E.D.Mich.1987), *enforced by Fireman's Fund Ins. Companies v. Ex–Cell–O Corp.*, No. 85–71371, order (E.D.Mich. July 31, 1987), *vacated by* order (E.D.Mich. Sept. 8, 1987), *reinstated by* order (E.D.Mich. Nov. 6, 1987).

As to the majority of sites, the policyholders have received notice of out-of-court federal agency actions against them requiring clean-up of environmental damage. The policyholders are named defendants in a court action for alleged pollution as to one site only. *See Fireman's Fund*, 662 F.Supp. 71 at 73–74. I held that "a 'suit' includes any effort to impose on the policyholders a liability ultimately enforceable by a court." Id. at 75. Therefore, the agency actions are "suits" and the insurers have a duty to defend the policyholders against such suits.

Several of the major insurers now move for immediate appeal, pursuant to 28 U.S.C. Section 1292(b), of, *inter alia,* my holding that the definition of a suit includes the federal agency actions taken here.

Section 1292(b) requires a district judge to state that an order, not otherwise appealable, is appealable if the following two (2) conditions are met: First, that the order "involves a controlling question of law as to which there is substantial ground for difference of opinion"; and second, that immediate appeal "may materially advance the ultimate termination of the litigation".

As to the first condition, I note that my brother, the Honorable William Thomas, wrote, in *Detrex Chemical Industries, Inc. v. Employers Insurance of Wausau,* 681 F.Supp. 438, 448–450 (N.D.Ohio 1987), that the kinds of agency actions taken here should not be considered "suits" and should not trigger an insurer's duty to defend.

The insurers here argue that the disparity between Judge Thomas' opinion and mine evidences a "substantial ground for difference of opinion" on the issue. They argue also that resolution of the issue on immediate appeal might obviate the need for further proceedings here.

I disagree. First, while there are disparate judicial approaches to the definition of a "suit", the definition that the insurers urge would provide an incentive for policyholders to ignore agency requests and force court actions against them so as to prompt their insurer's(s') duty to defend.

Second, I am not convinced that immediate review of the issue might end the dispute between the parties here. Even if the United States Court of Appeals for the Sixth Circuit were to reverse my holding on the definition of a suit, the same dispute between the parties would survive if any other party (including the federal government) decided to bring a lawsuit against the policyholders. Judge Thomas intimated this view by saying, in *Detrex,* that he "declined *at this stage* of the environmental matters considered ... to require Wausau to defend Detrex." Id. at 449 (emphasis supplied).

Although I decline to certify an immediate appeal in this action, I have no difficulty with any attempt by the insurers to petition the Court of Appeals for immediate review. Any such review would not impede proceedings here so long as the proceedings are not stayed.

For the reasons set forth above, the Motion For Immediate Appeal by Plaintiffs Fireman's Fund Insurance Companies and American Insurance Company, and Third-Party Defendants Wausau Insurance Companies and Zurich Insurance Company is DENIED.

IT IS SO ORDERED.