INTERNATIONAL SURPLUS LINES
INSURANCE COMPANY,
Plaintiff–Appellee,

v.

ANDERSON DEVELOPMENT COMPA-
NY, Defendant–Appellant.

No. 87–2102.

United States Court of Appeals,
Sixth Circuit.

Argued Sept. 27, 1988.

Decided May 7, 1990.

Bruce T. Wallace, Charles W. Borgsdorf
(argued), Ann Arbor, Mich., for plaintiff-ap-
pellee.

Webb A. Smith, Foster, Swift, Collins
and Coey, P.C., Charles E. Barbieri (ar-
gued), Lynn K. Richardson, Lansing, Mich.,
for defendant-appellant.

Thomas W. Brunner, Laura A. Foggan,
Leslie J. Cloutier, Wiley, Rein & Fielding,
Washington, D.C., Thomas T. Terp, Thom-
as C. Hill, Taft, Stettinius & Hollister, Cin-
cinnati, Ohio, William F. Greaney, Coving-
ton & Burling, Washington, D.C., for ami-
cus curiae.

Before WELLFORD and BOGGS,
Circuit Judges; and McQUADE *,
District Judge.

WELLFORD, Circuit Judge.

The original panel of this court to hear
this case included The Honorable Richard
B. McQuade, Jr., a district court judge who
resigned his position before a majority
opinion could be molded. The author of
this opinion was of the view that the deci-
sion of the district court in this case should
be reversed and remanded following the
rationale of *Jonesville Products, Inc. v.
Transamerica Ins. Group,* 156 Mich.App.
508, 402 N.W.2d 46 (1986), *leave to appeal
denied,* 428 Mich. 897 (1987), and the princi-
ple of *Erie R.R. Co. v. Tompkins,* 304 U.S.
64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), and
*Grantham and Mann, Inc. v. American
Safety Prod., Inc.,* 831 F.2d 596 (6th Cir.
1987).

Other Michigan courts have considered
the issue involved in this case since the
*Jonesville Products* case, but the Michigan
Supreme Court has consistently declined to
consider the issue.[1] Recently, in *Upjohn
Co. v. New Hampshire Ins. Co.,* 178 Mich.
App. 706, 444 N.W.2d 813 (1989) (per cu-
riam), the Michigan Court of Appeals re-
affirmed its decision in *Jonesville Prod-
ucts.* Even though the leak of the by-prod-
uct polluting material in *Upjohn* took place
over a three-week span, the Michigan court
held that the leak could be both "accidental
(*i.e.,* unintended) and sudden (*i.e.,* unex-
pected) and, therefore, outside the pollution
exclusion." 444 N.W.2d at 817. The court
also referred to *Fireman's Fund Ins. Cos.
v. Ex–Cell–O Corp.,* 685 F.Supp. 621, 625
(E.D.Mich.1987), and *United States Fideli-*

---

* The Honorable Richard B. McQuade, Jr., Judge,
United States District Court for the Northern
District of Ohio, sitting by designation. (Judge
McQuade resigned as judge effective September
30, 1989, and did not participate in this deci-
sion).

1. The Michigan Supreme Court refused to an-
swer the question certified in this case.

ty & Guar. Co. v. Thomas Solvent Co., *683 F.Supp. 1139, 1168–70 (W.D.Mich.1988), and* United States Aviex Co. v. Travelers Ins. Co., *125 Mich.App. 579, 336 N.W.2d 838 (1983), in its opinion. Other courts have expressed disagreement that Jonesville Products correctly states the law to be applied in this case.*[2]

Judge Boggs was and is in disagreement with that rationale and would affirm the district court. Ordinarily, under such circumstances, the matter would have to be argued again before a full three judge panel of this court for resolution. In light of the decision of another panel of this court in *F. L. Aerospace v. Aetna Casualty & Surety Co.,* 897 F.2d 214 (6th Cir.1990), however, we feel compelled to rule that, at least for the present, *F. L. Aerospace* is controlling because it involves the same issue in dispute here. Although the panel in *F. L. Aerospace* acknowledged that the "Michigan Court of Appeals steadfastly has affirmed its *Jonesville* definition" of the applicable policy exception, it chose to depart from the *Jonesville Products* interpretation of the words in the insurance policy in controversy, "sudden and accidental." Thus, a panel of our court has now held that there is no duty on the insurance carrier to defend its insured in circumstances comparable to those in the instant case. We are obligated by court policy and precedent in this court now to adhere to the rationale and decision in *F. L. Aerospace.*[3]

Accordingly, we AFFIRM the decision of the district court.

---

**2.** We have dealt with this same issue in *United States Fidelity & Guar. Co. v. Star Fire Coals, Inc.,* 856 F.2d 31 (6th Cir.1988). In *Star Fire,* applying the law of Kentucky, we interpreted identical language to relieve the insurer of its duty to defend a lawsuit arising from "coal dust ... generated by the normal operation of the [coal] tipple and ... routinely discharged on a regular, continuing basis ... [despite] various steps [undertaken by Star Fire] to minimize the problem." *Star Fire,* 856 F.2d at 32. In this case, we are asked to address the same issue under Michigan law. The emissions Anderson produced were by-products of its production of curene 442; Star Fire's emissions were coal dust

from its coal mining, cleaning, and loading operation. Both Star Fire and Anderson had some awareness of the problem. Star Fire installed a sprayer; Anderson installed a filter and lagoon.

**3.** Judge Wellford would dissent, if he were otherwise free to do so, from the result reached herein. We note that Judge James Ryan, formerly a justice on the Michigan Supreme Court, concurred fully in *F. L. Aerospace. Jonesville* has been cited with approval in *Pattison v. Employers Reinsurance Co.,* 900 F.2d 986 (6th Cir. 1990).